Commonwealth ex rel. West, Appellant, *v.* Myers.

Submitted April 22, 1966.  Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Sank West,* appellant, in propria persona.

*Charles Robert Bernsee* and *Joseph M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, September 27, 1966:

This is an appeal from the dismissal of a petition for a writ of habeas corpus. In 1958, appellant was indicted and charged with the offense of murder. Two attorneys were appointed to represent him and he was brought to trial in June of that year. At trial, appellant's plea of guilty to the charge of murder generally was accepted by the court and a hearing held before a three judge panel for the purpose of determining the degree of guilt.[1] Appellant was found guilty of murder in the second degree and sentenced to a term of imprisonment of 10 to 20 years. No post-trial motions were filed and no appeal was taken.

In his petition for a writ of habeas corpus, appellant challenged the validity of his guilty plea, and thus his conviction, alleging that his plea was neither voluntarily nor understandingly made. The court below dismissed the petition without a hearing. Our review of the petition and the record of the plea proceedings compels us to conclude that the court below erred in dismissing this petition and that a hearing is required.

The petition is grounded on the allegation that appellant—being ignorant of the effect of a guilty plea and of the alternatives available to him—entered a plea of guilty to the charge of murder due solely to the urging of counsel. Appellant alleges that counsel never discussed the matter of pleading with him, never informed him of his right to insist upon trial by jury, never explained the nature of the charges against him, and never told him of the consequences of entering a

[1] A plea of guilty to murder generally is sufficient of itself to sustain a conviction of murder in the second degree. *Commonwealth ex rel. Davis v. Russell*, 422 Pa. 223, 226, 220 A. 2d 858, 859 (1966); *Commonwealth ex rel. Andrews v. Russell*, 420 Pa. 4, 6, 215 A. 2d 857, 858 (1966), and the burden is on the Commonwealth to establish that the offense rises to murder in the first degree. Ibid.

plea of guilty to murder. Unaware of his rights and unable to understand the import of the proceedings, appellant alleges that he was called upon to plead at his trial and, at the prompting of counsel, entered a plea of guilty. He further alleges that the court accepted his plea, proceeded to take testimony, found him guilty of murder in the second degree, and sentenced him to a term of imprisonment of 10 to 20 years, without having inquired if he understood the nature and consequences of his plea. He thus contends that he was deprived of due process of law and is therefore entitled to the issuance of a writ of habeas corpus. The Commonwealth's answer to appellant's petition denied these allegations, averring that appellant's plea was voluntarily and intelligently made.

A habeas corpus court, in determining whether a petition for a writ requires a hearing, must accept as true all allegations of fact contained in the petition which are nonfrivolous, specific, and not contradicted by the record, even though those allegations may be controverted by the Commonwealth. *Commonwealth ex rel. Hilberry v. Maroney,* 417 Pa. 534, 540, 207 A. 2d 794, 797 (1965); cf. *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 22 n.28, 213 A. 2d 613, 625 n.28 (1965); *Commonwealth ex rel. Holben v. Russell,* 418 Pa. 22, 23, 208 A. 2d 861 (1965); *Commonwealth ex rel. Wilson v. Rundle,* 412 Pa. 109, 111, 194 A. 2d 143, 144 (1963). If accepting the petitioner's allegations as true the writ would issue, then it is incumbent upon the court to hold a hearing affording the petitioner the opportunity to establish the truth of his allegations. Ibid.[2]

---

[2] The new Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9, provides: "If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny

It would be unreasonable in the instant case to dismiss appellant's allegations as frivolous, as being unworthy of or beyond relief. Moreover, a review of the record reveals no contradiction of appellant's assertions.[3] For the purpose of determining whether a hearing is required on this petition, therefore, the sole issue remaining is whether appellant's allegations, if accepted as true, amount to a denial of due process impeaching his guilty plea and invalidating his conviction. We believe that they do and that appellant is therefore entitled to a hearing.

The concept of fairness and justice embodied in the due process clause of the fourteenth amendment to the Constitution of the United States is incompatible with the practice of permitting convictions based upon guilty pleas not made voluntarily, *Machibroda v. United States,* 368 U. S. 487, 82 S. Ct. 510 (1962), and no plea can be viewed as voluntary that is the product of

a hearing if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." Although the present petition was filed prior to March 1, 1966, the effective date of the Post Conviction Hearing Act, the standard for determining whether a hearing should be held appears to have been unchanged by that act.

[3] The record reveals no examination of appellant by the court, either at the time appellant's plea was entered or at sentencing. In this regard, we reiterate what was said in *Commonwealth ex rel. Barnosky v. Maroney,* 414 Pa. 161, 165, 199 A. 2d 424, 426 (1964) : "It would be wise for the court to make particular inquiry as to defendant's knowledge of the nature of the charge, of his right to trial by jury, and of the general consequences of his plea. It is desirable to have such matters made known to the defendant by the court even though he be represented by counsel. When a defendant enters a plea to murder, more is required than simply his pleading orally or endorsing the indictment, as in other cases. . . . Furthermore, proper administration of criminal justice suggests that the relevant attending facts and circumstances appear of record." Compare Fed. R. Crim. P. 11. See also Roberts, Expanding Professional Responsibilities in the Field of Criminal Law, 37 Pa. B.A.Q. 222, 228-29 (1966).

ignorance.[4] Moreover, when courts have been confronted with counseled defendants desiring to enter a plea of guilty, they have been unwilling to adhere to the generally prevailing rule that the knowledge of counsel may be imputed to a defendant.[5] This reluctance reflects the courts' awareness that the entry of a plea of guilty to a charge of criminal conduct is a most serious act; it operates as a waiver of all the constitutional, statutory, and judicially created safeguards afforded a defendant in a trial determination of guilt. Note, Guilty Plea Bargaining: Compromises by Prosecutors to Secure Guilty Pleas, 112 U. Pa. L. Rev. 865, 871 (1964). The Supreme Court of the United States, recognizing the extraordinary effect of a guilty plea, has stated: "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence. Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. . . ." *Kercheval v. United States*, 274 U. S. 220, 223, 47 S. Ct. 582, 583 (1927).

Our own cases have recognized and adopted this rule. In *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 165, 199 A. 2d 424, 426 (1964), in which the defendant was represented by counsel, this Court stated that "before accepting and acting upon a plea

---

[4] It has been noted that "it is difficult to determine where the concept of voluntariness ends and understanding begins . . . ." Note, Guilty Plea Bargaining: Compromises by Prosecutors to Secure Guilty Pleas, 112 U. Pa. L. Rev. 865, 873 (1964).

[5] See, e.g., *Commonwealth ex rel. Hilberry v. Maroney*, 417 Pa. 534, 207 A. 2d 794 (1965).

of guilty, a court must be satisfied that the plea is voluntary and intelligently entered." When confronted with a defendant who manifests an intention to plead guilty to a criminal charge, even though that defendant may be represented by competent counsel, the courts of this Commonwealth must be assured that the plea is the product of the defendant's own voluntary and intelligent choice.

However, it is necessary to add that our cases have not prescribed a fixed procedure whereby voluntariness and understanding are to be determined, and, thus, we have not disturbed convictions based upon guilty pleas merely because the court failed to examine the defendant at the time it accepted his plea. The issue of the voluntariness of a plea of guilty has been treated as factual, and the validity of a plea to be resolved on a case by case basis according to the defendant's actual understanding of the plea and willingness to enter it. *Commonwealth ex rel. Hilberry v. Maroney,* supra, *Commonwealth ex rel. Barnosky v. Maroney,* supra.

In the instant case, having alleged facts which, if true, would entitle him to the issuance of the writ prayed for, appellant must be afforded a hearing and the opportunity to establish the truth of his allegations. Should he succeed in this endeavor, the court below shall direct the writ to issue and order a new trial. Should the court below conclude, after the hearing, that appellant has not established the truth of the allegations contained in his petition, it shall enter an order denying the petition for a writ of habeas corpus. The parties shall have their usual right of appeal from the court's determination.

Order vacated and the record remanded for proceedings consistent with this opinion.

Mr. Justice COHEN took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

The Court took testimony and found therefrom that defendant was guilty of murder in the second degree. A Court is not bound by a guilty plea to find the defendant guilty. When testimony is taken by a Court, it makes its own findings and renders its own verdict, at times irrespective of the guilty plea. Furthermore, when a Court hears testimony and sees the witnesses it can find (1) defendant guilty, or (2) not guilty, or (3) advise him to withdraw his guilty plea and plead not guilty and demand a jury trial.

Moreover, the majority Opinion will multiply litigation and because of the length of time and other realistic circumstances, will release hardened criminals to prey upon and thus further jeopardize the safety of society.