# Commonwealth ex rel. Shampoe, Appellant, *v.* Maroney.

Submitted November 14, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Walter C. Shampoe,* appellant, in propria persona.

*James R. Dailey,* Assistant District Attorney, and *Lindley R. McClelland,* District Attorney, for appellee.

OPINION PER CURIAM, December 13, 1966:
Order affirmed.

---

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from an order of the lower court dismissing appellant's petition for a writ of habeas corpus.

In 1958, appellant was indicted and charged with the offenses of burglary, larceny, and receiving stolen goods. A member of the Erie County bar was appointed to represent him and he was brought to trial in August of that year. At trial, he entered a plea of guilty to all charges.

Appellant now urges that his guilty plea was neither voluntarily nor understandingly made. Specifically, his petition alleges that appointed counsel never explained the nature of the charges against him or the allowable range of punishment which might be imposed. Indeed, appellant alleges that his attorney first conferred with him ten minutes before trial, informing him only that it was then "too late" to defend against the crimes charged. Consequently, he asserts, he entered a plea of guilty at the prompting of counsel, although he was unaware of his rights or the full import of his plea. He further alleges that the court made no inquiries as to whether the plea was understandingly or voluntarily made.

The lower court dismissed appellant's petition without a hearing, stating: "Even if the petitioner's allegations were true, which we are convinced they are not, retrospective consideration of the circumstances surrounding petitioner's plea of guilt may not now be had."

In my view, appellant was entitled to a hearing and the opportunity to establish the truth of his allegations. He has alleged facts which, if true, would entitle him to the issuance of the writ prayed for. See *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966).

In *West,* the Court was confronted with a substantially similar petition. Relator there argued that his guilty plea had been entered in ignorance, at the insistence of appointed counsel. Noting that ". . . the validity of a [guilty] plea [is] to be resolved on a case by case basis according to the defendant's actual understanding of the plea and willingness to enter it," the Court concluded that a full evidentiary hearing was required. Id. at 7.

"The concept of fairness and justice embodied in the due process clause of the fourteenth amendment to the Constitution of the United States is incompatible with the practice of permitting convictions based upon guilty pleas not made voluntarily, Machibroda v. United States, 368 U. S. 487, 82 S. Ct. 510 (1962), and no plea can be viewed as voluntary that is the product of ignorance. Moreover, when courts have been confronted with counseled defendants desiring to enter a plea of guilty, they have been unwilling to adhere to the generally prevailing rule that the knowledge of counsel may be imputed to a defendant. This reluctance reflects the courts' awareness that the entry of a plea of guilty to a charge of criminal conduct is a most serious act; it operates as a waiver of all the constitutional, statutory, and judicially created safeguards

afforded a defendant in a trial determination of guilt." Id. at 5, 6.

I would vacate the order in the instant case, and remand the record for a hearing consistent with the guidelines established in *Commonwealth ex rel. West v. Myers,* supra.