## Commonwealth *v.* O'Lock, Appellant.

Submitted March 13, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

450

*John O'Lock,* appellant, in propria persona.
*Henry W. Rhoads,* Assistant District Attorney, and

*LeRoy S. Zimmerman,* District Attorney, for Common-
wealth, appellee.

OPINION PER CURIAM, April 12, 1967:

Petitioner appeals the denial without a hearing of his petition under the Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 et seq. In 1944 petitioner plead guilty without counsel to a number of crimes including burglaries. In 1964 he was granted a new trial by the Supreme Court of Pennsylvania. *Commonwealth ex rel. O'Lock v. Rundle,* 415 Pa. 515, 204 A. 2d 439. He was retried in 1965 and found guilty by a jury on one charge of burglary, and, having waived a jury on other charges, found guilty by a judge on six other charges. At these trials he was represented by competent counsel. The present petition involves a burglary conviction, the last of the six charges tried without a jury. Motions for new trials had been filed as to the other convictions, but, upon conviction of the burglary charge here involved, counsel for petitioner withdrew the motions for new trials and asked for immediate sentencing. After petitioner was sentenced he attempted to appeal in forma pauperis, but his appeal was denied both by this Court and the Supreme Court of Pennsylvania for failure to file

post trial motions. He then unsuccessfully sought collateral relief in the federal courts.

In his present petition he alleges, inter alia, that when he agreed with counsel to withdraw the motions for new trials he was not aware that this would foreclose assertion of his "Federal Constitutional Rights" on appeal.

Petitioner had an absolute right to appeal his burglary conviction to this Court, Act of June 24, 1895, P. L. 212, §7(a), as amended, August 14, 1963, P. L. 819, 17 P.S. §182, unless he knowingly and intelligently waived that right. See *Commonwealth ex rel. Neal v. Myers*, 424 Pa. 576, 227 A. 2d 845 (1967) ; *Commonwealth ex rel. Light v. Cavell*, 422 Pa. 215, 220 A. 2d 883 (1966). The record below is not sufficient to contradict the allegations of petitioner that he did not understandingly waive his right to post trial review, and under such circumstances he is entitled to a hearing to determine the truth or falsity of his allegations. Cf. *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 7, 222 A. 2d 918 (1966).

We do not now pass on other issues raised by petitioner since if it is found that he waived his right to a direct post trial review of his convictions, he also will be deemed to have waived the right to collaterally attack those convictions. *Commonwealth ex rel. Harbold v. Myers*, 417 Pa. 358, 207 A. 2d 805 (1965).

The order of the Court of Oyer and Terminer of Dauphin County is vacated and the record remanded for proceedings consistent with this opinion.

ERVIN, P. J., and WRIGHT, J., would affirm the order of the court below.