## Commonwealth *v.* Welch, Appellant.

Submitted March 13, 1967. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*George E. Welch,* appellant, in propria persona.

*Edwin J. Martin* and *Charles B. Watkins,* Assistant District Attorneys, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 24, 1967:

While represented by competent counsel appellant, George E. Welch, who was charged with the murder of his wife, entered a plea of guilty to murder generally. Following a guilty plea hearing, the trial court fixed his crime at murder in the second degree and sentenced him to a term of imprisonment of ten to twenty years. No appeal was taken on behalf of the appellant from this judgment and sentence.

In accord with the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 (Supp. 1966), appellant filed the present petition for collateral relief in July 1966. This petition was dismissed by the court below without a hearing and this appeal followed.

A defendant who pleads guilty to murder generally does not lose the right to object to the admission of improper evidence which will bear on the degree of guilt. *Commonwealth ex rel. Sanders v. Maroney,* 417 Pa. 380, 382, 207 A. 2d 789, 790 (1965). Nevertheless, a plea of guilty amounts to a conviction of murder in the second degree and, absent unusual circumstances, constitutes a waiver of all nonjurisdictional defects and defenses, e.g., *Commonwealth ex rel. Bostic v. Cavell,* 424 Pa. 573, 576, 227 A. 2d 662, 664 (1967). Since the instant case resulted in a conviction for second degree murder, appellant is entitled to a collateral hearing only if he alleges facts which, if true and not contradicted by the record, would vitiate his guilty plea. Compare *Commonwealth ex rel. Kern v. Maroney,* 423 Pa. 369, 223 A. 2d 706 (1966). Accordingly, the only contention which merits our discussion is whether the guilty plea was knowingly and voluntarily entered.

In his petition appellant attempts to overcome the presumption that when he plead guilty to the indictment he was aware of what he was doing, see *Common-*

*wealth ex rel. Kern v. Maroney,* supra, at 371-72, 223 A. 2d at 707-08, by asserting that his attorney had assured him that his plea would be construed only as an admission of manslaughter. The record, however, unequivocally refutes this contention and therefore the court below was correct in denying the petition without holding a hearing, *Commonwealth ex rel. Holben v. Russell,* 418 Pa. 22, 208 A. 2d 861 (1965).

Immediately after appellant expressed a desire to plead guilty the court inquired of him: "You understand now that you are pleading guilty, generally, to the indictment and you want me to hear testimony and fix the degree of guilt and the penalty," to which the appellant responded affirmatively. Furthermore, when appellant took the stand and initially insisted that his wife's killing was accidental, the court expressed concern over whether it should not order the plea withdrawn. Defense counsel did suggest that the court might in light of this testimony return a finding of voluntary manslaughter; the court, however, rejected this as a possibility under the facts as they had been developed up to that point and appellant did concede that he had intended to injure his wife. Finally, during his closing statement, the district attorney repeated that the Commonwealth was of the opinion that the crime amounted to at least murder in the second degree, again placing the defendant on notice that this was not a prosecution for manslaughter.

We also note that appellant is a man of more than average intelligence who has completed several years at the University of Pittsburgh where, at one time, he was enrolled in a pre-law program. His apparent acquiescence in the court's finding for eight years, along with the shotgun approach of his petition and brief, casts further doubt on his present assertion that his guilty plea was entered without a complete understanding of its impact, see *Commonwealth ex rel.*

594

*Crosby v. Rundle,* 415 Pa. 81, 84, 202 A. 2d 299, 301 (1964).

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.