Commonwealth *v.* Wood, Petitioner.

Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Mervyn R. Turk,* First Assistant Public Defender, for appellant.

*Ralph B. D'Iorio,* Assistant District Attorney, with him *Vram S. Nedurian,* Assistant District Attorney, *Paul R. Sand,* First Assistant District Attorney, and *Jacques H. Fox,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 24, 1967:

In February 1964, Jerry H. Wood, while represented by counsel entered a plea of guilty in the Court of Quarter Sessions of Delaware County to an indictment charging him with burglary and larceny. Following a guilty plea hearing, he was sentenced to a term of imprisonment of three to six years.

In March 1966, Wood filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 (Supp. 1966), wherein he alleged that his guilty plea had been unlawfully induced. In April the court dismissed the petition without a hearing; an appeal was taken to the Superior Court where the order was affirmed per curiam. 208 Pa. Superior Ct. 765 (1966). We are asked to grant allocatur.

This petition is grounded in the assertion that the guilty plea was entered solely because of certain promises made by an agent of the Pennsylvania Parole Board, who, according to the petition, promised that if Wood plead guilty he would be convicted only of receiving stolen goods, not burglary, and would be committed to Haverford State Hospital rather than returned to prison. A few months before his arrest, petitioner had been released from prison on parole and he further asserts that this same agent threatened that his failure to co-operate would result in the im-

position of the maximum sentence under the burglary charge as well as the revocation of his parole.

At the time the plea was entered, the court did not question petitioner about whether he was aware of the consequences of his actions. Although our cases have not made such an inquiry an absolute prerequisite, preferring to treat each case upon its own circumstances, we have repeatedly warned that without a record demonstration that the decision to so plead is the defendant's own voluntary and intelligent choice, the plea's validity may be undermined in a subsequent collateral proceeding. See *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 342, 223 A. 2d 699, 702 (1966); *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966); *Commonwealth ex rel. Crosby v. Rundle*, 415 Pa. 81, 85, 202 A. 2d 299, 302 (1964). Moreover, in the instant case, during the plea hearing, petitioner's counsel informed the court about the alleged assurance made to petitioner concerning his hospitalization. The court responded that it knew nothing about such recommendation, but that it was going to send petitioner back to the penitentiary anyway. Counsel's request for a continuance in order to produce the state official was opposed by the district attorney and denied by the court.

A habeas court must hold a hearing whenever, accepting as true all allegations of fact which are nonfrivolous, specific, and not controverted by the record, the petition states grounds for relief. *Commonwealth ex rel. Shaffer v. Cavell*, 419 Pa. 218, 221, 213 A. 2d 380, 382 (1965). Petitioner's allegations, if true, would invalidate the guilty plea, *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966); cf. *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A. 2d 699 (1966). Indeed, the Commonwealth, while denying that the plea was unlawfully induced, does not question the assertion that the allegations are suf-

ficient to require a hearing, but instead it argues that petitioner is foreclosed from raising this issue because it was, or could have been, raised in a prior habeas corpus petition which was denied after a hearing in 1965. Accordingly the Commonwealth claims that this particular issue must be deemed to have been finally litigated or waived under §4 of the Post Conviction Hearing Act.[1]

We hold that under the facts of this case the Commonwealth's contention is without merit. In the first place it is not clear whether the Commonwealth's position is that the induced guilty plea was actually litigated in the prior habeas proceeding or the failure to litigate it amounts to a waiver. The 1965 habeas petition alleged that the state had obtained a confession in an unconstitutional manner. While it is true that some of the same allegations contained in the present petition were involved in the 1965 hearing, the factors which would vitiate a guilty plea and those which would lead to the exclusion of a confession are not identical. *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 346, n.8, 223 A. 2d 699, 704, n.8 (1966). Petitioner insists that the waiver provision of §4 is not applicable because at the time the first collateral petition was filed he was not aware that the entry of his plea itself could be challenged. While this in itself

---

[1] Section 4 provides, in pertinent part: "(b) For the purposes of this act, an issue is waived if: (1) The petitioner knowingly and understandingly failed to raise it and it could have been raised before the trial, at the trial, on appeal, in a habeas corpus proceeding or any other proceeding actually conducted, or in a prior proceeding actually initiated under this act; and (2) The petitioner is unable to prove the existence of extraordinary circumstances to justify his failure to raise the issue. (c) There is a rebuttable presumption that a failure to appeal a ruling or to raise an issue is a knowing and understanding failure." Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §4(b)(c), 19 P.S. §1180-4(b)(c) (Supp. 1966).

might be further explored at a hearing, we may not infer an intelligent waiver from a silent record.[2] *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S. Ct. 884, 890 (1962); accord, *Commonwealth ex rel. O'Lock v. Rundle*, 415 Pa. 515, 204 A. 2d 439 (1964); *Commonwealth ex rel. McCray v. Rundle*, 415 Pa. 65, 202 A. 2d 303 (1964).

Finally, the Commonwealth urges that the question of the plea's voluntariness was unequivocally raised in petitioner's brief filed in the course of his appeal from the denial of the 1965 habeas petition.[3] This, however, is not sufficient to constitute a prior litigation of the issue because: 1) there was no record made below regarding the plea of guilty, and 2) appellate courts need not consider issues not raised below, e.g., *Commonwealth ex rel. Banks v. Myers*, 423 Pa. 124, 222 A. 2d 880 (1966).

The petition for allocatur is granted, the order of the Superior Court is reversed, and the record is remanded to the Court of Quarter Sessions of Delaware County with instructions to hold a hearing for the purpose of determining whether petitioner's guilty plea was knowingly and understandingly entered.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[2] Had Wood's initial collateral proceeding been conducted under the Post Conviction Hearing Act, we would not be faced with an entirely silent record because a prisoner who desires to file a petition under this act is given a form to complete which contains a list of most of the claims cognizable thereunder. Because this record is silent, this case does not require us to consider what a prisoner's burden is in order to overcome the "rebuttable presumption" of §4, 19 P.S. §1180-4(c). Compare *Commonwealth ex rel. Bordner v. Russell*, 422 Pa. 365, 369 n.4, 221 A. 2d 177, 179 n.4 (1966).

[3] The denial of the first habeas petition was affirmed per curiam by the Superior Court; we denied allocatur.