## Commonwealth *v.* Stokes, Appellant.

Argued April 18, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Mervyn R. Turk,* First Assistant Defender, for appellant.

*Vram Nedurian, Jr.,* Assistant District Attorney, with him *Ralph B. D'Iorio,* Assistant District Attorney, *John R. Graham,* First Assistant District Attorney, and *Paul R. Sand,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 27, 1967:

Following a plea of guilty,[1] appellant Robert Stokes was convicted of murder in the second degree and sentenced to a term of imprisonment of not less than 7½ nor more than 15 years. On August 3, 1966 appellant filed an application for collateral relief under the Post Conviction Hearing Act[2] alleging, inter alia, that he had been denied his absolute right to counsel on appeal[3] and that his guilty plea had been unlawfully induced.[4] On August 15, 1966 the petition was dismissed by the court below without a hearing and appellant prosecuted this appeal.

Appellant's allegation that he was denied the right to appeal his conviction is not well founded. A plea of guilty to murder generally is sufficient of itself to sustain a conviction of murder in the second degree. *Commonwealth ex rel. Bostic v. Cavell,* 424 Pa. 573, 576, 227 A. 2d 662, 664 (1967). Thus the only issues which would have been available for appellant to chal-

---

[1] In this case the court actually accepted a plea to "murder in the second degree." Since such a plea is unknown to Pennsylvania law, this was contrary to proper practice. *Commonwealth ex rel. Kerekes v. Maroney,* 423 Pa. 337, 340-41, 223 A. 2d 699, 701 (1966). At the same time we have held that the defendant is not prejudiced thereby and may not subsequently attack the court's action. Ibid.

[2] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 (Supp. 1966).

[3] See *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963); *Commonwealth ex rel. Robinson v. Myers,* 420 Pa. 72, 215 A. 2d 637 (1966).

[4] See *Commonwealth ex rel. McKenna v. Cavell,* 423 Pa. 387, 224 A. 2d 616 (1966); *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966).

lenge on direct review would have been the validity of the plea and the lawfulness of the sentence.[5] But since both these claims are cognizable in a collateral proceeding, the denial of the right to appellate review, even if true, would not be prejudicial. See *Commonwealth ex rel. Davis v. Russell,* 422 Pa. 223, 220 A. 2d 858 (1966).

The sentence imposed is obviously authorized by The Penal Code.[6] Accordingly appellant is entitled to relief only if he can show that his guilty plea was unlawfully induced. See *Commonwealth v. Welch,* 425 Pa. 591, 229 A. 2d 737 (1967). At the same time he is entitled to a hearing on this issue if, accepting as true all allegations of fact which are nonfrivolous, specific, and not controverted by the record, his plea would be vitiated. See Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9 (Supp. 1966); accord *Commonwealth v. Wood,* 425 Pa. 612, 230 A. 2d 729 (1967); *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966).

In its brief opinion, the court below, the same judge having presided at appellant's guilty plea hearing, stated: "In accepting the plea of guilty in this case, the Trial Judge is satisfied that the defendant knew what he was doing, that no confession was used at the time of the trial and that he committed [the crime] as charged. Since his petition does not state what constitutional rights were abridged, we cannot comment

---

[5] This is generally true of all guilty pleas except when, following a plea of guilty to murder generally, the defendant is convicted of murder in the first degree. Since the Commonwealth is required to prove the elements of first degree murder beyond a reasonable doubt, *Commonwealth ex rel. Andrews v. Russell,* 420 Pa. 4, 6, 215 A. 2d 857, 858 (1966); *Commonwealth v. Kurus,* 371 Pa. 633, 637, 92 A. 2d 196, 198 (1952), a defendant so convicted may have other errors to press on direct review.

[6] Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701.

upon this phase of the case." Yet in seemingly dismissing the petition for want of particularity, the court below ignored the clear command of §7 of the Post Conviction Hearing Act which provides: "The court may grant leave to amend or withdraw the petition at any time. Amendment shall be freely allowed in order to achieve substantial justice. *No petition may be dismissed for want of particularity unless the petitioner is first given an opportunity to clarify his petition.*" (Emphasis supplied.)

Appellant's petition as it now stands does not allege any facts which would entitle him to relief. At the same time it should be noted that the record does not contain any examination of appellant by the court at the time he entered his plea.[7] Moreover, "because of the serious consequences which are attendant on the entry of a plea of guilty, strict adherence must not be had to the rule that knowledge of counsel is imputable to the accused." *Commonwealth ex rel. McKenna v. Cavell,* 423 Pa. 387, 393, 224 A. 2d 616, 619 (1966). Thus when challenging the validity of the plea, a petitioner is entitled to have the court consider his allegations of fact which are dehors the record. See *Machibroda v. United States,* 368 U.S. 487, 82 S. Ct. 510 (1962); *United States ex rel. McGrath v. LaVallee,* 319 F. 2d 308 (2d Cir. 1963); *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966).

Under the circumstances we see no alternative but to vacate the order of the court below and remand with instructions to give appellant "an apportunity to clari-

---

[7] "Although our cases have not made such an inquiry an absolute prerequisite, preferring to treat each case upon its own circumstances, we have repeatedly warned that without a record demonstration that the decision to so plead is the defendant's own voluntary and intelligent choice, the plea's validity may be undermined in a subsequent collateral proceeding. [Citations omitted]." *Commonwealth v. Wood,* 425 Pa. 612, 615, 230 A. 2d 729, 730 (1967).

fy his petition."[8]  In so doing, of course, we do not pass upon the question of whether appellant is entitled to an evidentiary hearing.

Order vacated and record remanded.

Mr. Chief Justice BELL dissents.

---

[8] In his post-conviction petition, Stokes indicated that the Defender's Association of Media agreed to represent him in this proceeding. Although that office briefed and argued the case before our Court, there is no indication that it made any appearance on behalf of Stokes in the proceedings below. Nor is there any indication as to why the court below did not request said office to have Stokes clarify his allegations.