UNITED STATES of America ex rel.
Lee COX

v.

Alfred T. RUNDLE, Superintendent,
Graterford Correctional Institution.

Misc. No. 3782.

United States District Court
E. D. Pennsylvania.

March 29, 1968.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This matter is before the Court for disposition of relator's petition for a writ of habeas corpus.

Relator was tried and convicted by a Judge without a jury on Bills of Indictment numbered 391, 392 and 393, on December 9, 1965, in the Courts of Philadelphia County. He was sentenced to concurrent terms of eighteen months— three years on each Bill, and is presently serving his sentence in the State Correctional Institution at Graterford, Pennsylvania.

Based upon allegations contained in relator's habeas corpus petition and upon information supplied to us by the District Attorney's office of Philadelphia County, it appears that relator's principal contentions are that his conviction was obtained by the introduction of evidence seized pursuant to an unlawful arrest and unconstitutional search and seizure and by the denial of his constitutional right to representation by competent counsel. On these grounds relator filed post-trial motions requesting that he be granted a new trial and his motions were denied by the Trial Judge. After the appeal time had lapsed, relator filed a Post-Conviction Hearing Act petition (19 P.S. § 1180–1 et seq.) in which he alleged, in addition to the grounds previously mentioned, that he did not voluntarily waive his right to direct appeal. A determination was made that he had not intelligently waived his right to direct appeal and he was given the right to do so *nunc pro tunc*. However, relator never appealed his conviction and has filed a habeas corpus petition in this Court alleging the same grounds previously mentioned as a basis for relief and further alleging that he did not voluntarily waive the right to appeal that was granted to him *nunc pro tunc*.

Without reaching the question whether relator deliberately bypassed his State remedies within the meaning of Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed 2d 837 (1963), it seems clear that relator has not exhausted his State remedies within the meaning of 28 U.S.C. § 2254. Relator had an absolute right to appeal his conviction and sentence to the Pennsylvania Courts unless he knowingly and intelligently waived that right. Relator apparently is contending that he not only did not voluntarily waive his right to direct appeal initially, but that he did not voluntarily waive his right to so appeal when he was given the right to do so *nunc pro tunc*.

Under these circumstances, relator has the right to collaterally attack his conviction and sentence in the State Courts pursuant to 19 P.S. § 1180–1 et seq., subject to a determination by the State Courts whether, in fact, relator understandingly waived his right to post-trial review. Commonwealth ex rel. Harbold v. Myers, 417 Pa. 358, 207 A. 2d 805 (1965); Commonwealth v. O'Lock, 209 Pa.Super. 449, 228 A.2d 920 (1967). Relator's contention that he did not voluntarily waive his right to appeal when it was given to him *nunc pro tunc* may be presented to the State Courts for adjudication. Indeed, the Post-Conviction statute provides that an issue is not finally litigated and waived if "the petitioner has (not) knowingly and understandingly failed to appeal the trial court's ruling". 19 P.S. § 1180–4(a) (1). This Court has no reason to believe, and we will not assume, that the Pennsylvania Courts will construe their post-conviction statute "so as to make it inadequate and ineffective" to meet the circumstances of this particular case. Bratt v. Crouse, 346 F.2d 146 (10th Cir. 1965), cert. den. 382 U.S. 932, 86 S.Ct. 324, 15 L.Ed.2d 343.

It was well settled in Case v. State of Nebraska, 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965) that where a state has a post-conviction statute providing for consideration of petitions alleging denial of Federal constitutional rights that the State courts should be afforded an opportunity to act with respect to the alleged denial. In that it appears that remedies are still available

to relator in the State Courts, we must deny his habeas corpus petition for failure to exhaust his State remedies. United States ex rel. Singer v. Myers, 384 F. 2d 279 (3rd Cir. 1967).

 In my opinion, there is no probable cause for an appeal. Fitzsimmons v. Yeager, 391 F.2d 849 (3rd Cir. 1968).

### ORDER

And now, this 29th day of March, 1968, relator's petition for a writ of habeas corpus is denied.