Concurring Opinion by
Spaulding, J.:
This is an appeal from sentences cumulatively totalling 5 to 20 years resulting from guilty pleas entered to nine sodomy indictments. A petition was subsequently filed under the Post Conviction Hearing Act, a hearing held pursuant to it and relief denied. At the hearing, petitioner, represented by counsel, alleged: (1) improper joinder of the indictments; (2) involuntary guilty pleas in that his counsel had advised him that if he would plead guilty he would receive a sentence of only a few months on the county farm and would get medical help; and (3) that he was not advised of his right to appeal.
*313 After testimony at the hearing below the court denied relief, finding petitioner’s version of the alleged conversation between himself and his counsel unbelievable: “[W]e find as a fact that Mr. Young did not so tell him.”[1] It dismissed the allegation concerning the denial of appeal rights by noting that there is “no right to appeal from a guilty plea unless some grave Constitutional right has been violated and we can find no suggestion of that here.”[2]
Although I agree that the decree of the court below should be affirmed, I do so for different reasons. In Commonwealth v. Stokes, 426 Pa. 265, 232 A. 2d 193 (1967), the Supreme Court noted that there was no prejudice stemming from the denial of appeal rights when a guilty plea had been entered for “the only issues which would have been available for appellant to challenge on direct review would have been . . . cognizable in a collateral proceeding.” Id., 426 Pa. at 267-268, 232 A. 2d at 194.
In the instant case the same reasoning should apply. Appellant had the opportunity to litigate at the hearing below any issues appealable from the convictions based on his guilty pleas, and he can therefore demonstrate no prejudice resulting from the alleged denial of his right to appeal.
I concur in affirming the judgment of the court below.
Hoffman, J., joins in this concurring opinion.

 Unreported opinion and decree of the Court of Oyer and Terminer entered January 18, 1968 at No. D-33, March Term, 1966.

 ma.