Commonwealth *v.* Stokes, Appellant.

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Mervyn R. Turk,* Assistant Defender, for appellant.

*Vram Nedurian, Jr.* and *Ralph B. D'Iorio,* Assistant District Attorneys, *William R. Toal, Jr.,* First Assistant District Attorney, and *Stephen J. McEwen, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, July 1, 1968:

Appellant pleaded guilty to a charge of murder generally, was convicted of murder in the second degree, and sentenced to a term of not less than 7 1/2 nor more than 15 years. No direct appeal was taken.

In 1966 Stokes filed a petition under the Post Conviction Hearing Act alleging that he had been denied his absolute right to counsel on appeal and that his guilty plea had been unlawfully induced. Following dismissal of this petition by the court below, appellant came before this Court. We held that the denial of *Douglas* rights was not prejudicial since the only grounds available upon which to attack a second degree murder conviction following a plea of guilty were the validity of the plea and the lawfulness of the sentence, both of which claims could be heard collaterally. However, we remanded the post-conviction proceedings to give appellant an opportunity to amend his petition to show how his guilty plea was unlawfully procured. This opportunity is required by §7 of the Post Conviction Hearing Act. *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967). Following our remand, the court held an evidentiary hearing on the issue of the voluntariness of Stokes' plea, and again denied relief. This appeal is taken from that denial.

Appellant now maintains that his plea was invalid as having been primarily motivated by the presence of a coerced confession. *Commonwealth v. Garrett,* 425 Pa. 594, 229 A. 2d 922 (1967). However, the court below found as a fact, and on the basis of appellant's testimony, that the plea was not so motivated and was properly entered. With the burden on appellant in a collateral proceeding to show the invalidity of a guilty plea, *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A. 2d 196 (1968); *Commonwealth v. Hill,* 427 Pa. 614, 235 A. 2d 347 (1967), we are unable to say, upon a review of this record, that Stokes has shown himself entitled to relief.

Appellant further contends that he should be entitled to a new hearing because, unlearned in the law, he was not able to address himself to the relevant issues during his testimony. Given the fact that Stokes

had counsel at this hearing (the same counsel who represents him today and who represented him during his first collateral proceeding), we find it difficult to conceive of granting further relief based upon this argument. Moreover, the record reveals that the hearing judge himself filled in the gaps left in appellant's case by counsel's silence during the hearing by interrogating Stokes from the bench. We believe that this questioning by the court sufficiently "zeroed in" on the *Garrett* issue to permit a finding that appellant's plea was valid.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.