Commonwealth *v.* Littles, Appellant.

Submitted April 15, 1968. Before BELL, C. J., MUS-MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*Cornwallis Littles,* appellant, in propria persona.

*Michael J. Rotko,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, July 1, 1968:

This is an appeal from an Order of the Court of Oyer and Terminer of Philadelphia County denying appellant's petition for relief under the Post Convic-

tion Hearing Act. Appellant was arrested for the murder of Anthony Bradshaw on September 9, 1963. On January 10, 1964, appellant pleaded guilty to murder generally at a hearing before a three-Judge Court. At this hearing, appellant was represented by Court-appointed attorneys, and the Court subsequently found appellant guilty of murder in the first degree and sentenced him to life imprisonment.

Appellant contends in the present case that his guilty plea was the result of a coerced confession, and therefore involuntarily made. This is refuted by the notes of testimony which were taken at the time the plea was entered; the pertinent part is:

"BY MR. SUTTON: Q. Cornwallis [Littles], speak out, please, so we can all hear. Is it not a fact that either Mr. Clay or myself or both of us have visited you at Holmesburg or City Hall five times prior to this trial date, and discussed this case with you? A. Yes, it is. Q. At that time, and during those times, you expressed a desire to plead guilty to this charge, is that correct? A. That is true."

Appellant further contends that his confession, which was made three hours after his arrest, was involuntary because he was tricked into confessing by the police. He stated that a detective told him to confess because his crime would amount to no more than a voluntary manslaughter charge and the most time he would get was four to eight years. This was admitted by the Commonwealth.

We have recently held that a trick *which has no tendency to produce a false confession* will not render a confession void if used to obtain it. In *Commonwealth v. Baity*, 428 Pa. 306, 237 A. 2d 172, we stated (pages 316-317) as follows: "Although Baity probably believed that being a lookout would subject him to a lesser penalty than being the trigger man, and thus

confessed to his part in the crime as an exculpatory gesture, nevertheless he surely realized that even as a lookout his conduct was illegal. In order to deny that he pulled the trigger, there was certainly no need to confess to some other criminal conduct. In view of the fact that Baity's interrogation spanned less than nine hours, was unaccompanied by physical violence, and did not employ any trick designed to produce a false story, we hold that appellant's resulting confession was voluntary."

There is no allegation or proof of any physical violence or coercion that was used to obtain the appellant's confession, and in our judgment there was no trick which was designed to or did produce a false story. Under these facts, we hold that appellant's confession was voluntary.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

———

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

The majority apparently believes that the trial record colloquy quoted in its opinion refutes appellant's contention that his guilty plea was not voluntary. However, it does not for two reasons: (1) the possibility remains that appellant's plea was primarily motivated by his allegedly coerced confession, see *Commonwealth v. Garrett*, 425 Pa. 594, 229 A. 2d 922 (1967); and (2) the requirements established by several of our cases for a sufficient record colloquy were not met, see, e.g., *Commonwealth ex rel. West v. Rundle*, 428 Pa. 102, 105-06, 237 A. 2d 196, 198 (1968); *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 5 n. 3, 222 A. 2d 918, 921 n. 3 (1966); *Commonwealth ex rel. Barnosky v. Maroney*, 414 Pa. 161, 165, 199 A. 2d 424, 426 (1964). It was therefore necessary to hold a hearing, as did the

court below, to resolve appellant's contention. See Post Conviction Hearing Act of January 25, 1966, P. L. (1965) 1580, §9, 19 P.S. §1180-9 (Supp. 1967).

The hearing court did not believe Littles' testimony and thus found that, having failed to carry his burden of proof, Littles' plea was knowingly and intelligently entered. See, e.g., *Commonwealth v. Grays,* 428 Pa. 109, 237 A. 2d 198 (1968). With this conclusion I agree, and it is on this basis that I believe that the result reached by the majority is correct.[*]

Mr. Justice EAGEN and Mr. Justice O'BRIEN join in this concurring opinion.

---

[*] Littles also insisted that the trial court compelled him to accept court-appointed counsel although his parents had obtained private representation. Appellant's brief contains a purported quote from the record which does give credence to this allegation; however, the record itself fails to support this allegation for it contains no passage similar to that quoted by appellant in his brief. To the contrary, it discloses that the trial court did not compel appellant to accept court-appointed counsel but rather took pains to determine whether appellant was in fact satisfied to proceed with his court-appointed representation.