## Commonwealth *v.* Howells, Appellant.

Submitted May 20, 1968. Before BELL, C. J., MUSMANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*John Allan Howells,* appellant, in propria persona.

*Jerome T. Foerster,* Assistant District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for appellee.

OPINION PER CURIAM, October 11, 1968:
Order affirmed.
Mr. Justice MUSMANNO did not participate in the decision of this case.
Mr. Justice COHEN took no part in the consideration or decision of this case.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
Appellant pleaded guilty to murder in 1946 and was sentenced to life imprisonment. In November, 1966 he filed a petition under the Post Conviction Hearing Act in which he set forth numerous grounds for relief. Howells alleged, inter alia, that a confession had been coerced by virtue of the fact that he was only fourteen years of age in 1946 (*with a mental age later found to be about ten or eleven*), yet was not permitted even to call his mother from the police station until he had made a statement. Appellant also alleged that this confession motivated his guilty plea, and that in no event was his mental condition sufficient to justify the trial court's acceptance of this plea. The court below dismissed appellant's petition without holding an evidentiary hearing, and the majority today affirms that dismissal "per curiam." Because I believe that Howells is entitled to an evidentiary hearing, I dissent.

Section 9 of the Post Conviction Hearing Act specifically requires that the court hold an evidentiary

620

hearing whenever a petitioner alleges facts which, if true, would support the grant of relief. Although this rule does not apply in cases where the allegations are patently frivolous and without any trace of support in the record or in other evidence submitted by the petitioner, such is clearly not the case here. Appellant's allegations are serious and at least supported by the facts alleged in his petition and the brief submitted to this Court. Accordingly, he must be afforded an opportunity to prove his allegations. I would vacate the order of the court below and remand for a hearing. *Commonwealth v. Patterson*, 432 Pa. 76, 247 A. 2d 218 (1968) ; *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966). Compare, American Bar Association Project on Minimum Standards for Criminal Justice, Post-Conviction Remedies, p. 15, §4.3(e) with *Id.* §4.5(a).

I dissent.