Commonwealth *v.* Alterio, Appellant.

Submitted December 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*John L. Geiser,* for appellant.

*Charles C. Brown, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, March 20, 1969:
Judgment of sentence affirmed.

---

DISSENTING OPINION BY SPAULDING, J.:

I respectfully dissent. This is a nunc pro tunc direct appeal from a guilty plea entered October 26, 1964, on a charge of cheating by false pretense. On April 5, 1968, appellant filed a petition under the Post Conviction Hearing Act claiming *only* that he had been denied the right to appeal. On July 22, 1968, the court below granted appellant the right to appeal nunc pro tunc.

In my judgment the right to appeal was improperly granted. In cases other than homicide, a denial of the right to direct appeal from a guilty plea is not prejudicial since all claims cognizable on direct appeal may be raised in collateral proceedings. *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967). However, although denial of the right to appeal is not itself grounds for relief, the Supreme Court has indicated that a court should not dismiss a collateral attack claiming denial of the right to appeal from a plea unless it has made an independent determination of the legality of sentence and the voluntariness of the plea. *Commonwealth v. Walters*, 431 Pa. 74, n. 1 at 76, 244 A. 2d 757 (1968).

The ultimate consequence of *Stokes* and *Walters* is that except in homocide cases, the grant of the right to direct appeal nunc pro tunc is *never* an appropriate form of relief if the petitioner has pled guilty. In every case, the post-conviction court is required to rule upon the claims cognizable upon direct appeal. If these claims are found to be without merit, the petition should be dismissed. Otherwise, the plea should be vacated and a new trial granted. In either event, the post-conviction petitioner is not prejudiced by denial of his right to a direct appeal.

The futility of granting a direct appeal without passing upon the voluntariness of the plea is demonstrated in the instant case. In his appeal brief, appellant contends that his plea was the product of a coerced confession and ineffective assistance of counsel. The facts recited in the brief in support of these contentions are not of record since there has been no hearing on the claim and the plea would not have been accepted had they been revealed at trial. This Court cannot properly pass upon these claims. The facts alleged in support of the claims are not of record and there has been no determination below of the merits of the claims.

I would vacate the order of the court below granting the direct appeal nunc pro tunc and remand the case with directions that the court below permit counsel to amend the petition to raise the issue of the validity of the guilty plea.

HOFFMAN, J., joins in this dissent.