Commonwealth *v.* Shockley, Appellant.

Submitted January 6, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John R. Merrick,* for appellant.

*Thomas G. Ashton,* Assistant District Attorney, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, April 23, 1969:

On June 25, 1962, David E. Shockley was arraigned before the court in Chester County on an indictment charging him with murder. He pleaded "not guilty", and a jury was empanelled to hear the relevant testimony and determine his guilt or innocence.

On June 27th, after the Commonwealth had introduced the testimony of sixteen witnesses to establish Shockley's guilt of the crime and had rested its case in chief, Shockley's counsel requested the permission of the court to withdraw the plea of "not guilty" and enter a plea of guilty to murder in the second degree.[1] At the direction of the trial judge, Shockley then signed a plea of guilty to murder in the second degree on the back of the indictment. Then, in the presence of Shockley and his counsel, the trial judge informed the jury of the change of plea, and explained in detail the legal differences between first degree murder and sec-

---

[1] A plea to second degree murder is unknown in Pennsylvania and is contrary to proper practice. However, where the defendant is not prejudiced by the court's acceptance of such a plea, he may not subsequently attack it on this ground. *Commonwealth v. Stokes,* 426 Pa. 265, 232 A. 2d 193 (1967).

ond degree murder, and stated that after a considera-
tion of the testimony already heard he would accept
the plea of guilt offered.

Following that, counsel for Shockley summarized
for the court the facts to which Shockley and other
defense witnesses would have testified if the case had
proceeded to a conclusion. Mr. Stively, one of Shock-
ley's counsel, then requested permission of the court
to ask Shockley some questions, and the following en-
sued: "By Mr. Stively: Q. David, have Mr. Pitt and I
represented you properly throughout this matter, in
your opinion? A. Yes, you have. Q. And have we ex-
plained to you the case as we saw it against you and
what you had on your side, and as a result, we made a
recommendation as to whether or not this plea should
be entered, is that a fact? A. Yes, you did. Q. But,
David, isn't it correct, we left the final decision to
you since you are the man who will be serving the
sentence and we wanted you to voluntarily decide
whether you wanted that? A. Yes, beyond all reason-
able doubt, you left it up to me. Q. You did, of your
own free will enter a plea of guilty? A. Of my own
free will voluntarily."

Subsequently, Shockley was sentenced to serve im-
prisonment for a term of 8 to 18 years. No request
to withdraw the plea was ever made, nor was an appeal
entered from the judgment.

On April 4, 1968, Shockley filed a petition seeking
post-conviction relief under the Act of January 25, 1966
(1965), P. L. 1580, §1 et seq., 19 P.S. §1180-1. Coun-
sel was appointed to represent him and subsequently
the court dismissed the petition without hearing. An
appeal from that order is now before us.

Shockley argues that it was error for the court be-
low to dismiss his petition seeking post-conviction re-
lief without giving him a hearing on the following two

issues: "A. Did the appellant intelligently and knowingly waive his right to trial when he entered a plea of guilty to the charge of murder? B. Was the plea of guilty primarily motivated by the introduction into evidence of an illegally-obtained confession?"

If Shockley did not knowingly and intelligently plead guilty, the plea is a nullity and a new trial would be required. And where this issue is properly raised in a petition seeking post-conviction relief, a hearing must be held to determine the validity of the plea, unless the record of the plea proceedings clearly demonstrates that the plea was intelligently and knowingly entered. *Commonwealth v. Wood*, 425 Pa. 612, 230 A. 2d 729 (1967), and *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967). In the instant case no hearing was required on this question, because the record of the plea proceedings establishes beyond question the validity of the plea and completely refutes Shockley's present assertion to the contrary. Cf. Act of 1966, supra, §9, 19 P.S. §1180-9.

The record also readily discloses that Shockley's remaining contention that his plea of guilty was primarily motivated by the evidentiary use of an illegally-obtained confession is devoid of merit. First, there is nothing in the record to support the premise that the confession was "illegally obtained", nor was there the slightest indication by counsel at trial that its validity was questioned. Second, when the confession was offered in evidence, counsel for Shockley responded, "we have no objection." Finally, during the plea proceedings while Shockley's counsel was summarizing for the court the testimony Shockley would have given if called to the stand, he emphasized as an extenuating circumstance Shockley's cooperation with the police after his arrest, including "voluntarily" giving a statement of the circumstances incident to the killing.

In view of the facts in the record, a hearing was not required on Shockley's petition.

Order affirmed.

----

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

The majority opinion correctly states "If Shockley did not knowingly and intelligently plead guilty, the plea is a nullity and a new trial would be required. And where this issue is properly raised in a petition seeking post-conviction relief, a hearing *must* be held to determine the validity of the plea, *unless* the record of the plea proceedings clearly demonstrates that the plea was intelligently and knowingly entered." But at this point the majority and I part company. For they conclude "in the instant case no hearing was required on this question, because the record of the plea proceedings establishes beyond question the validity of the plea and completely refutes Shockley's present assertion to the contrary."

A simple examination of the colloquy as quoted in the majority opinion easily demonstrates that there is *no* evidence in the record to indicate that the plea was entered "intelligently and knowingly." If the present record establishes anything, it is only that the plea was entered *voluntarily*. But in order for a plea to be valid, it must be more than voluntary; it *must* be intelligently and knowingly entered. See *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967); ABA Minimum Standards, Pleas of Guilty, §1.5 (Tent. Draft, Feb. 1967). Therefore, appellant has fulfilled the requirements of §9 of the Post Conviction Hearing Act, 19 P.S. §1180-9, and is entitled to a hearing at which he should be given an opportunity to prove that his plea was not knowingly and intelligently entered. Since the disposition of the majority ignores the need for such a hearing, I respectfully dissent.