UNITED STATES of America ex rel.
Robert STOKES, H-2279, Appellant,

v.

Alfred T. RUNDLE, Superintendent.

No. 17712.

United States Court of Appeals
Third Circuit.

Argued May 6, 1969.

Decided June 2, 1969.

---

Goncer M. Krestal, Philadelphia, Pa., for appellant.

Vram Nedurian, Jr., Asst. Dist. Atty., Media, Pa. (Ralph B. D'Iorio, Asst. Dist. Atty., Chief, Appeals Division, William R. Toal, Jr., First Asst. Dist. Atty., Stephen J. McEwen, Jr., Dist. Atty., Media, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Appellant here pleaded guilty to a charge of murder generally and was convicted of second degree murder in a Commonwealth of Pennsylvania Court on October 9, 1962. There was no direct appeal from the judgment of conviction. In 1966 he proceeded under the Pennsylvania Post Conviction Act, alleging that his confession was involuntary. The state Supreme Court remanded the case to the trial court for hearing as to that claim. An evidentiary hearing was held and the claim denied. Said Supreme Court, Com. v. Stokes, 430 Pa. 440, 244 A.2d 30 (1968), in a full opinion affirmed the lower court.

Thereafter Stokes filed an application for habeas corpus in the District Court. Judge Luongo in that tribunal held an independent evidentiary hearing on the sole question involved i.e. the voluntariness of Stokes' confession. Escobedo, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and Miranda, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R. 3d 974 (1966) are not involved in this appeal. The alleged lack of warning however was, as the trial judge recognized, before him on the general allegation of involuntariness of the confession. In a careful, exhaustive opinion, the judge detailed the plainly cogent reasons why under all the proofs he was "satisfied that Stokes was properly warned before he was questioned by the police and that he knowingly answered their questions out of a desire to make a clean breast of things." As the Court stated "I do feel that his (Stokes) recollection of events has been somewhat distorted by his desire to have his situation fit into the recent decisions concerning police questioning."

From our independent viewing of the record we are convinced that the ruling of Judge Luongo is sound and right.

The judgment of the District Court will be affirmed.

We are deeply grateful to Mr. Krestal, appellant's voluntary counsel, for his conscientious, most capable representation of appellant both in this appeal and in the District Court.