Commonwealth *v*. Guthier, Appellant.

Submitted April 21, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Ralph W. D. Levan,* for appellant.

*Arthur Ed. Saylor,* First Assistant District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE BELL, October 9, 1969:

This is a direct appeal from the Judgment of life sentence imposed upon the defendant-appellant after a plea of guilty.

Appellant was charged with the murder of his aunt and uncle. On January 23, 1967, appellant, while represented by two Court-appointed counsel, pleaded guilty to both murders, and, after hearing, was adjudged guilty of murder in the first degree of each victim. On February 18, 1967, the lower Court imposed consecutive sentences of life imprisonment.

On February 19, 1968, appellant filed a petition for a hearing under the Post Conviction Hearing Act, alleging that (1) he was denied his right to appeal and (2) his plea of guilty was unlawfully induced. Counsel was appointed and a hearing was held on April 29, 1968, before President Judge HESS of Berks County. After the hearing, the lower Court found that appellant had knowingly and intelligently entered his guilty plea without any unlawful inducement; but also concluded that appellant had an absolute right to a direct appeal because he had not been informed of his right to appeal and, if indigent, to be represented by free, Court-appointed counsel, and, therefore, had not waived his right of appeal.

Defendant-appellant thereupon took this appeal.

Appellant's sole basis for claiming that his guilty plea was invalid is that one of his two Court-appointed attorneys advised him that he (appellant) would probably be sentenced to a term of from ten to twenty years, and that this induced him to plead guilty. The lower Court, after hearing the testimony of appellant and his two Court-appointed lawyers, found that no promise of a sentence had been made.

The lower Court, in disposing of appellant's contention of "unlawful inducement," pertinently said: "Petitioner contends that he was promised a 'deal' of second degree if he pleaded guilty. He also contends that coercion in some manner induced his plea. We do not believe his testimony. The testimony taken be-

fore the plea and after the plea conclusively indicates that Guthier was fully advised of his rights and entered his plea with understanding and knowledge of his rights and without threats or promises. The testimony of the witnesses who testified in the instant proceeding, except for petitioner, fully support our conclusion. Exhibit 1, the letter written to his attorney after the trial, indicates that petitioner then was completely satisfied and grateful for the manner in which he was represented by counsel. It is not contended that the plea was motivated by an inadmissible confession. In fact, it is abundantly clear that the plea was motivated by a desire to escape the death penalty: . . . . The trial record and the post-conviction record fully refute any contention that petitioner's plea of guilty was improperly entered: Commonwealth v. Stokes, 430 Pa. 440."

After a careful reading of the original trial record and of the evidence at the post-conviction hearing, there can be no doubt that the lower Court correctly found that appellant's guilty plea was made (1) knowingly and intelligently, and (2) without any improper or unlawful inducement.

We find no merit in appellant's contentions.

Judgment of sentence affirmed.