**UNITED STATES of America ex rel. Ray MEHOLCHICK, Appellant,**

v.

**Alfred T. RUNDLE, Superintendent.**

**No. 16006.**

United States Court of Appeals Third Circuit.

Submitted Dec. 6, 1966.

Decided Dec. 30, 1966.

Certiorari Denied March 27, 1967.

See 87 S.Ct. 1296.

Ray Meholchick, pro se, for appellant.

William J. Davis, Thomas E. Mack, Dist. Attys., Luzerne County, Wilkes-Barre, Pa., for appellee.

Before STALEY, Chief Judge, and McLAUGHLIN and FORMAN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from an order of the United States District Court for the Eastern District of Pennsylvania filed May 12, 1966, denying a petition for writ of habeas corpus by a state prisoner.

Appellant was convicted July 2, 1945 by a three-judge court in Luzerne County, Pennsylvania, of murder in the first degree after a plea of guilty to murder generally. He was sentenced to life imprisonment. He contends that his confession to the crime was involuntary and that he asked for a lawyer at that time and was not furnished with one. He also asserts that he was tried by an illegal court.

Appellant did not have counsel at his preliminary hearing on February 9, 1945 and a plea of not guilty was entered on his behalf. On February 24, 1945, an indictment for murder was returned against him. He was arraigned on May 21, 1945. At that proceeding he was represented by his two private attorneys and entered a plea of guilty. The three-judge court above mentioned was convened to determine the degree of the crime and appropriate sentence. Twenty-seven witnesses were called by the Commonwealth and three witnesses on behalf of the defendant. The court found him guilty of murder in the first

degree and on July 2, 1945, sentenced him to life imprisonment. After sentence, Meholchick filed a state petition for habeas corpus, alleging he was tried in the Court of Quarter Sessions instead of the Court of Oyer and Terminer. The entire base for this was that the transcript of the trial testimony was erroneously captioned "In the Court of Quarter Sessions". All the other papers in the matter were properly titled in the Court of Oyer and Terminer where the trial had taken place. The petition was dismissed. A second state petition for habeas corpus was thereafter filed. This urged lack of counsel at the preliminary hearing and that Meholchick's lawyers at the trial that followed were inefficient. That petition was denied, with the court noting inter alia that a plea of not guilty had been entered for Meholchick at his preliminary hearing regarding which the Pennsylvania court had commented that "His own counsel could not have done more for him" at that proceeding.

Meholchick then filed a petition for habeas corpus in the United States District Court for the Middle District of Pennsylvania. He made the same allegations as in his Commonwealth proceedings, with the additional charge of an involuntary confession. In a thorough opinion, Judge Follmer found that there had been no harm to Meholchick by lack of counsel at the preliminary hearing; that his private attorney was most competent and experienced; that counsel by permitting the confession into evidence had materially helped show that the crime was one of emotion which element was a potent factor in persuading the jury to give a life sentence instead of the death penalty. That application for habeas corpus was denied September 4, 1964. Thereafter Meholchick asked for certiorari to the decision of a judge of this court which had denied his application for a certificate of probable cause for appeal. That was denied by the Supreme Court, Meholchick v. Russell, 379 U.S. 982, 85 S.Ct. 688, 13 L.Ed.2d 572 (1965). Following that Meholchick filed another petition for habeas corpus, this time in the United States District Court for the Eastern District of Pennsylvania. There Judge Wood, after consideration of the Commonwealth record and Judge Follmer's opinion, concluded that "Essentially, no new ground is presented to be determined." As to petitioner's request for hearing the court held " * * we are satisfied that the ends of justice will not be served by further inquiry. 28 U.S.C. § 2244."

Thereafter on May 11, 1966 a second petition for writ of habeas corpus was filed in the Eastern District of Pennsylvania. This also came before Judge Wood and was based on the same charges petitioner had asserted in his prior petition which had been before the same judge. Judge Wood denied that petition on May 12, 1966.

From our examination of the whole case we conclude that both the Commonwealth and Federal courts have dealt with it fully and properly, including the third petition in the Federal Court which is before us on this appeal. Cf. Habeas corpus. State custody. 62 Stat. 965, November 2, 1966.

The judgment of the district court will be affirmed