Commonwealth *v.* Meholchick, Appellant.

Submitted April 20, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Bruce S. Miller,* Assistant Public Defender, and *Peter J. Webby,* Public Defender, for appellant.

*Jerry B. Chariton,* Assistant District Attorney, *Charles D. Lemmond, Jr.,* First Assistant District Attorney, and *Blythe H. Evans, Jr.,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, November 12, 1970:

Raymond Meholchick, charged with the attempted rape and the murder of a young girl, entered a guilty plea to murder generally on February 8, 1945. At the time he was represented by two privately-retained attorneys. At a degree of guilt hearing on July 2, 1945, a three-judge court found him guilty of murder in the first degree and sentenced him to life imprisonment.

Appellant then filed several petitions for habeas corpus in the state courts. They were dismissed, and his appeals to this Court were equally without success. *Commonwealth ex rel. Meholchick v. Rundle,* 420 Pa. 629, 215 A. 2d 636 (1966); *Commonwealth ex rel. Meholchick v. Maroney,* 414 Pa. 649, 199 A. 2d 414 (1964); *Commonwealth ex rel. Meholchick v. Maroney,* 409 Pa. 381, 186 A. 2d 919, cert. denied, 373 U.S. 941, 83 S. Ct. 1547 (1963).

Meholchick also filed numerous petitions for habeas corpus in the federal courts. The allegations raised in those petitions were identical to those raised in the state court proceedings: (1) trial had been held in an improper court; (2) defendant had been without counsel at his preliminary hearing; (3) trial counsel had been ineffective; (4) his conviction was the result of an involuntary confession; and (5) his request for a lawyer at the time he gave his confession had been improperly refused. The federal district courts have consistently denied Meholchick the relief he has sought, either on the merits or because of waiver. Their decisions have been affirmed on appeals to the United States Court of Appeals for the Third Circuit. E.g., *United States ex rel. Meholchick v. Rundle*, 371 F. 2d 1014 (3d Cir. 1966), cert. denied, 386 U.S. 986 (1967).

On February 10, 1969, Meholchick filed a petition under the Post Conviction Hearing Act, and it was dismissed without a hearing. The sole question raised on appeal is whether the hearing court erred in not affording Meholchick a hearing. Appellant alleged various points of error, but the trial court dismissed because the petition did not contain sufficient facts which, if proven, would entitle him to relief. The hearing Court, however, gave appellant an opportunity to amend his petition, so that he could include the necessary facts. Act of January 25, 1966, P. L. (1965) 1580, §7, 19 P.S. §1180-7; *Commonwealth v. Stokes*, 426 Pa. 265, 232 A. 2d 193 (1967).

"Section 9 [of the PCHA] requires a hearing only where the *facts* alleged would entitle petitioner to relief. Although the appellant's legal conclusions . . . form a sufficient basis for relief, there are no facts alleged which in legal contemplation support these conclusions." *Commonwealth v. Snyder*, 427 Pa. 83, 102, 233 A. 2d 530, 540 (1967), cert. denied, 390 U.S. 983, 88 S. Ct. 1104 (1968).

Our review of the record supports the trial court's conclusion. Therefore, because appellant failed to allege any facts which, if true, would entitle him to relief, and because appellant failed to avail himself of the opportunity to amend his petition, the order of the Court of Common Pleas of Luzerne County is affirmed.