## Commonwealth v. Yoder

*John W. Thompson, assistant district attorney,* for the commonwealth.

*Steven G. Zorbaugh,* for defendant.

CASSIMATIS, *J.,* September 28, 1989 — This matter is before the court pursuant to the commonwealth's notice of appeal of this court's pretrial order ruling that duress as a matter of law is available as

a defense to first degree murder. We now set forth the reasons for our ruling.

The following facts are relevant here. Defendant Miguel Yoder is charged with criminal homicide (first degree murder), robbery, burglary and criminal conspiracy arising from events which occurred on June 18, 1988. During jury selection, this court, over the commonwealth's objection, permitted defense counsel to recite facts raising the defense of duress to the charge of first-degree murder. This court subsequently issued an order, denying the commonwealth's motion for reconsideration from which the commonwealth took what in effect is a pretrial appeal to the Superior Court.

The issue presented herein is whether duress can be a defense to first-degree murder. At common law, duress was a defense to all crimes except intentional killings. This common-law exception to the general duress rule was also probably a part of the Pennsylvania law. W.R. LaFave, A.W. Scott Jr., Criminal Law at 374 (1972). This common-law rule exception was modified, however, with the enactment of 18 Pa.C.S. §309 and the case law interpreting it.

18 Pa.C.S. §309(a), which codified the common-law duress rule, provides that the defense of duress is available to a defendant coerced to commit a criminal act through the use of, or the threat of force against his person or the person of another. Section 309(b) sets forth the specific exceptions to the duress rule of section 309(a). Nowhere in section 309(b) does it say that duress is not available as a defense to first-degree murder. If duress was meant to be unavailable as a defense in a first-degree murder situation, the legislature would have so directed. According to 1 Pa.C.S. §1928, penal statutes should be strictly construed. Therefore, in the absence of language excepting first-degree mur-

der from the defense of duress, section 309(b) cannot be construed as barring duress as a defense to first-degree murder.

An analysis of case law interpreting section 309 also compels a conclusion that duress should be available as a defense to first-degree murder. In *Commonwealth v. Santiago,* 462 Pa. 216, 340 A.2d 440 (1975), the Pennsylvania Supreme Court rejected the common-law doctrine of "coverture" (coercion of a wife by her husband) and held that duress was statutory as per section 309. Accordingly, if the general common-law rules regarding duress no longer apply, neither should the common-law exception.

In *Commonwealth v. Schwartz,* 445 Pa. 515, 285 A.2d 154 (1971), defendant appealed his conviction of murder in the first degree under the felony murder rule. Defendant's co-felon committed the killing during a burglary. In his defense, defendant claimed that he participated in the underlying felony because of coercion and fear that his co-felon would take his life. The trial court charged the jury that duress could excuse defendant from criminal liability "if immediate and of such a nature to induce a well-grounded apprehension of death or serious bodily injury if the act is not done." *Schwartz, supra.* On appeal, the court held the trial court's charge sufficient, thus implying that duress could be a defense to first-degree murder.

The commonwealth has advanced the argument that President Judge Erb's ruling in *Commonwealth v. Morningwake,* (1999 C.A. 1988), is binding on this trial. In *Morningwake,* a companion case to *Yoder,* Judge Erb ruled that as a matter of law the defense of duress is not available to a charge of first-degree murder. Prior York County precedent dictates a conclusion that Judge Erb's ruling is not necessarily binding on this court. In *Commonwealth v. Smith,*

440 Pa. 380, 416 A.2d 986 (1980) (York County case no. 1556, October session 1974) (Blakey, *J.*), the defendant was charged and convicted of first-degree murder. At trial, the defendant presented evidence of duress and the trial court allowed the issue to go to the jury. On appeal under the Post Conviction Hearing Act, the Supreme Court noted that there was a lack of authority in the commonwealth on the issue of duress. *Smith, supra.* While the court did not specifically address the issue of whether duress was prohibited in a first-degree murder case, the court did examine types of duress evidence that could be presented in a murder case. Such an examination would imply that the defense is available.

The commonwealth also asserts that this court is in error because of section 503 of the Crimes Code. The commonwealth's reliance on section 503 is misplaced.

Section 503 pertains to the defense of justification. Justification relates to the defense of self-defense. Defendant herein is not advancing self-defense as a defense. As such, defendant is not attempting to justify his conduct, but rather is attempting to demonstrate that it was the result of duress. Section 502 of the Crimes Code makes it clear that the rules pertaining to justification apply to those provisions of the chapter dealing with justification. Section 502. Duress, on the other hand, is defined and set forth in Chapter 3, entitled, "Culpability." Section 301 et seq.

Accordingly, duress pertains to culpability and the rules relating to the defense of justification found in Chapter 5 do not apply to the defense of duress which is set forth in Chapter 3.

For the foregoing reasons, the ruling of the court was not in error in allowing the defense of duress to be raised in this case.