## Commonwealth *v.* Metz, Appellant.

Argued January 6, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph I. Lewis,* for appellant.

*Edwin J. Martin,* Assistant District Attorney, with him *Charles B. Watkins,* Assistant District Attorney, and *Robert W. Duggan,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, April 18, 1967:

In February 1957, Roy James Metz while represented by counsel entered a general plea of guilty to an indictment charging him with the murder of his wife. Judge ELLENBOGEN of Allegheny County accepted the plea after first ascertaining that the decision to so plead was appellant's. During the subsequent hearing, however, appellant testified that his wife's death was the result of an accidental shooting. The court, which was concerned about the disparity between appellant's testimony and his plea, questioned him further about his decision to enter a guilty plea; appellant responded: "The only reason I signed a guilty plea, your Honor, was that I felt guilty of being there, and that was all. I did not plead guilty to murder. I pleaded guilty to being in that house, and inasmuch as I am alive and my wife is dead, I thought that that's what I was pleading to. I did not plead guilty to murder. By The Court: Q. Mr. Metz, you did plead guilty to murder. A. Then I didn't understand the plea."[1]

---

[1] During the pretrial period, appellant's trial counsel and the district attorney agreed that if Metz entered a guilty plea, the district attorney would advise the court that in his view the crime

On the basis of this and similar testimony by appellant, the court ordered the guilty plea withdrawn and a plea of not guilty entered.[2]

Thereafter appellant was tried before a jury and found guilty of murder in the first degree with the penalty fixed at life imprisonment. In *Commonwealth v. Metz*, 393 Pa. 628, 144 A. 2d 740 (1958), this Court rejected appellant's sole assignment of error, that the evidence was insufficient to support the jury's verdict, and affirmed his conviction.

Shortly after the Post Conviction Hearing Act[3] became effective, appellant filed a petition thereunder alleging that his conviction was invalid by reason of the double jeopardy provision of the Pennsylvania Constitution.[4] Appellant does not challenge the Commonwealth's right, following the abortive plea hearing, to retry him for second degree murder, but maintains that it could not reprosecute him for first degree murder.[5]

---

was second degree murder and would recommend a minimum sentence of seven years imprisonment. It was on the basis of this understanding that Metz's counsel advised him to plead. While there was nothing improper about these discussions, *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A. 2d 699 (1966), the ultimate decision as to how to plead has to be the accused's. Id. at 341-42, 223 A. 2d at 701-02; see *Commonwealth ex rel. West v. Myers*, 423 Pa. 1, 222 A. 2d 918 (1966).

[2] The hearing judge first became aware of the appellant's version of the homicide on Friday afternoon, and did not actually order the plea stricken until Monday when the appellant reiterated his account.

[3] Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-1 (Supp. 1966).

[4] See ibid., 19 P.S. §1180-3(c)(11).

[5] Thus appellant assumes that the federal double jeopardy provision is not a restriction upon the states, an assumption which finds support in this Court's recent opinion in *Commonwealth v. Warfield*, 424 Pa. 555, 227 A. 2d 177 (1967). But see this writer's concurring and dissenting opinion in *Warfield*, 424 Pa. at 562, 227 A. 2d at 181.

A hearing was held before Judge ELLENBOGEN on June 13, 1966, at which time appellant was represented by court-appointed counsel. In November, the petition was dismissed and this appeal followed.

Appellant's double jeopardy contention is premised upon the proposition that, since his guilty plea was itself a conviction, the court was obligated to determine the degree of guilt and to fix the penalty.[6] In support of this conclusion appellant cites several of our cases which have refused to permit the defendant to withdraw his guilty plea, and argues that since the hearing judge could have imposed the death penalty his life was literally in jeopardy as soon as he entered his plea.

There are several answers to appellant's contention. In the first place, contrary to his assumption, a guilty plea may be withdrawn. Pa. R. Crim. P. 320 specifically states: "At any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted."[7] More importantly, in all those cases where we have affirmed the hearing judge's refusal to permit a plea to be withdrawn, we have initially determined that the plea was knowingly and understandingly entered. See, e.g., *Commonwealth v. Kirkland*, 413 Pa. 48, 195 A. 2d 338 (1963). Indeed, a guilty plea which is not the

---

[6] "A plea of guilty differs in purpose and effect from a mere admission or an extra-judicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Kercheval v. United States*, 274 U.S. 220, 223, 47 S. Ct. 582, 583 (1927); accord, *Commonwealth ex rel. West v. Myers*, 425 Pa. 1, 6-7, 222 A. 2d 918, 922 (1966).

[7] While this rule was not adopted until 1964, it is consistent with prior law. See Act of April 15, 1907, P. L. 62, as amended, 19 P.S. §241. Assuming the plea is properly entered, we may reverse a hearing judge's refusal to permit its withdrawal only in cases of an abuse of discretion. See *Commonwealth v. Kirkland*, 413 Pa. 48, 54, 195 A. 2d 338, 341 (1963) and cases cited therein.

product of the defendant's free will or is not knowingly and understandingly entered is voidable and subject to collateral attack. E.g., *Commonwealth ex rel. West v. Myers,* 423 Pa. 1, 222 A. 2d 918 (1966). Thus, under the circumstances of this case, had the court not ordered the guilty plea withdrawn, Metz might have successfully attacked his conviction either on direct appeal or in a subsequent collateral proceeding.[8] See *Commonwealth ex rel. West v. Myers,* supra; cf. *United States ex rel. Smith v. Baldi,* 344 U.S. 561, 566-68, 73 S. Ct. 391, 394 (1953); *Commonwealth v. Scoleri,* 415 Pa. 218, 247-48, 202 A. 2d 521, 536 (1964); *Commonwealth v. Cavanaugh,* 183 Pa. Superior Ct. 417, 133 A. 2d 288 (1957).

Appellant's theory, carried to its logical conclusion, would bar his reprosecution for first degree murder if, instead of being aborted, his plea hearing had resulted in a first degree murder conviction and the plea was later held to have been a nullity. For no plausible distinction can be made between invalidating his plea before or after judgment has been pronounced. Indeed, since a court is apt to construe its discretion to permit pleas to be withdrawn liberally, a defendant in Metz's position might be able to prevent a first degree conviction by pleading guilty to murder generally and later giving testimony inconsistent with this plea.[9]

*United States v. Tateo,* 377 U.S. 463, 84 S. Ct. 1587 (1964), presents a factual situation closely analogous

---

[8] Judge ELLENBOGEN recognized this possibility at the time he ordered the plea withdrawn. In Metz's prior appeal we observed that "the trial judge properly ordered the plea of guilty stricken from the record." *Commonwealth v. Metz,* 393 Pa. 628, 629 n.1, 144 A. 2d 740 n.1 (1958).

[9] Alternatively, the court might refuse to permit a plea to be withdrawn solely because of its fear of the consequences. Neither solution to the court's dilemma would be in the public's best interest. Cf. *United States v. Tateo,* 377 U.S. 463, 466, 84 S. Ct. 1587, 1589 (1964).

to the instant one. In a collateral proceeding, Tateo's guilty pleas, entered on the fourth day of his trial, were vitiated because they were found to have been coerced by the trial judge. When the Government attempted to reprosecute Tateo, another district court sustained his plea of double jeopardy, but the Supreme Court of the United States reversed. Indeed Metz's position is far weaker, because Tateo did lose the right to have an already impaneled jury decide his fate. Cf. *Downum v. United States,* 372 U.S. 734, 83 S. Ct. 1033 (1963). Moreover, Metz's guilty plea, although not understandingly entered, was clearly not coerced, nor was there any misconduct on the part of the court or the prosecutor.[10]

Finally, the mere fact that a trial terminates prior to a verdict will not invariably bar reprosecution where a mistrial is necessary and the circumstances do not create a danger that the accused will be subjected to successive, oppressive prosecutions. See *Commonwealth ex rel. Montgomery v. Myers,* 422 Pa. 180, 220 A. 2d 859, cert. denied, 87 S. Ct. 405 (1966), and authorities cited therein. Accordingly, the discontinuance of appellant's plea hearing was not by itself a sufficient reason for sustaining a plea of prior jeopardy. In *Gori v. United States,* 367 U.S. 364, 81 S. Ct. 1523 (1961), the trial judge, evidently in order to forestall the prosecution from introducing prejudicial testimony, declared a mistrial *sua sponte.* In concluding that the defendant might be reprosecuted without violating the fifth amendment, Mr. Justice FRANKFURTER expressed a natural unwillingness to hold that where "a mistrial has been granted in the sole interest of the defendant . . . its necessary consequence is to bar all retrial."[11]

---

[10] Cf. *United States v. Tateo,* 377 U.S. 463, 469 n.1, 84 S. Ct. 1587, 1591 n.1 (1964) (GOLDBERG, J., dissenting).

[11] But cf. *Downum v. United States,* 372 U.S. 734, 83 S. Ct. 1033 (1963) (DOUGLAS, J.) ; *Gori v. United States,* 367 U.S. 364, 370, 81 S. Ct. 1523, 1527 (1961) (DOUGLAS, J., dissenting).

194

Id. at 369, 81 S. Ct. at 1527; compare *Commonwealth ex rel. Montgomery v. Myers,* supra at 187-88, 220 A. 2d at 863-64. Even more pressing considerations are relevant here, for if appellant's version of the homicide was believed, and he insisted it was true, his self-confessed conviction was erroneous.

We have considered appellant's other assignments of error and find them to be devoid of merit.

Order affirmed.