## Commonwealth v. Kelly

*Edward G. Rendell,* for Commonwealth.

*Morton S. Powlen,* for defendant.

MEADE, J., November 12, 1969.—This matter is before the court (miscellaneous division) on defendant's entry of a written plea of autrefois acquit. Defendant's preliminary hearing on the charge of illegal possession of narcotics was held before Judge Charles Margiotti, of the Municipal Court of Philadelphia, sitting as committing magistrate. Upon the determination of the existence of a prima facie case, defendant was held for the action of the grand jury, indicted, and his case was scheduled for trial before Judge Margiotti specially presiding in the Criminal Trial Division of the Court of Common Pleas of Philadelphia County.

At defendant's trial, defense counsel directed the court's attention to the fact that the trial judge had acted as the committing magistrate, but agreed to waive any objection predicated thereon. There is record evidence of an intelligent and knowing waiver by defendant of this objection. Defendant also waived his right to trial by jury and the trial thereupon proceeded. This was an unfortunate error of judgment on the part of an able trial judge, but not critically determinative of the issue before this court.

Upon the conclusion of the Commonwealth's case, the trial judge sua sponte declared a mistrial, designating as his reason therefor his sudden recollection of disturbing circumstances surrounding this case when he heard it as committing magistrate and the

existence of possible prejudice to defendant's right to an objective and impartial determination by the fact finder. Thereafter, defendant filed his written plea of autrefois acquit and the matter was listed before the miscellaneous division for disposition thereof.

The plea of autrefois acquit entered herein is improper and consequently must be dismissed. Initially, the court notes its prematurity. Normally, said defense is interposed by a plea in bar setting forth the facts constituting the defense at the time of the retrial of the matter: United States v. Barber, 219 U.S. 72, 55 L.Ed. 99; Commonwealth ex rel. Papy v. Maroney, 417 Pa. 368, 371 (1965). By analogy, however, to rule 12(b)(1) of the Federal Rules of Criminal Procedure, the court has considered defendant's plea on its substantive merits and is of the opinion that said plea must nevertheless be dismissed.

The statutory basis of defendant's plea is found in the Act of March 31, 1860, P.L. 427, sec. 30, 19 PS §464. The plea is inappropriate herein since it must be predicated upon a verdict of acquittal, and where no verdict is rendered at the first trial, as is true in the instant case, the plea is not available to defendant either at the second trial or by motion preliminary to the commencement of the second trial: Commonwealth v. Beiderman, 109 Pa. Superior Ct. 70 (1933); Commonwealth v. Haines, 147 Pa. Superior Ct. 165 (1942). Although the plea of autrefois acquit is unavailable to defendant herein, the disposition of the principal issue must be determined on the applicability of the constitutional double jeopardy prohibition.

The proscription against double jeopardy in the Pennsylvania Constitution has consistently been held applicable to capital cases only: Commonwealth v. Vivian, 426 Pa. 192 (1967). This, however, is no longer the law by virtue of the recent case of Benton v. Mary-

land, 395 U.S. 784, 23 L. Ed. 2d 707 (June 23, 1969). In Benton, the court ruled that the double jeopardy clause of the Fifth Amendment is applicable to the States through the due process clause of the Fourteenth Amendment.*

In a nonjury case, jeopardy attaches when the first witness begins to testify and not when the witnesses are sworn as is true in jury cases: Newman v. United States, 419 F. 2d 259 (D. C. Cir., 1969). The constitutional double jeopardy guarantees will ordinarily bar the second prosecution for the same offense if the first trial has passed the state where "jeopardy attached" and has resulted in an inconclusive disposition, unless the failure to conclude the trial is occasioned by compelling circumstances not referable to prosecutorial conduct. Although the Commonwealth concluded its testimony in the instant case, the defense of double jeopardy is nevertheless inappropriate in the instant matter. The declaration of a mistrial sua sponte will not bar a retrial where the mistrial was granted in the sole interest of defendant: Gori v. United States, 367 U.S. 364, 81 Sup. Ct. 1523 (1961). Where there is manifest necessity or urgent circumstances for the premature termination, a trial so terminated creates no barrier to reprosecution: Commonwealth ex rel. Montgomery v. Myers, 422 Pa. 180 (1966), cert. denied 385 U.S. 963. Furthermore, where a mistrial is necessary and the circumstances do not create a danger that the accused will be subjected to successive, oppressive prosecutions, the fact that the trial terminated prior to verdict will not invariably bar reprosecution: Commonwealth v. Metz, 425 Pa. 188 (1967). But cf. United States v. Burdick, 284 F. Supp. 685 (E.D. Pa. 1968).

---

* The question of the retroactivity of Benton v. Maryland has been included in the questions in Price v. Georgia (no. 1254 misc.) to be considered at this term.

In the present case, the trial court should have sought the motion of defense counsel for a mistrial upon becoming cognizant of facts making impossible an objective determination of the issues before it and, failing to secure same, the court could have proceeded with the trial and upon a determination of guilt, could have, on its own motion, in the interest of justice, ordered a new trial. This procedure, however, would have been wasteful of the time of all concerned and place undue emphasis upon compliance with form rather than substance. The integrity of the court in admitting prejudice upon a recent recollection of disturbing factors in the case originally learned at the time of defendant's preliminary hearing is to be commended. Accordingly, under such circumstances, there was a compelling necessity for the granting of a mistrial and such premature termination of the case will not bar reprosecution under the double jeopardy guarantees.

## ORDER

And now, to wit, November 12, 1969, defendant's written plea of autrefois acquit is denied.