613 A.2d 1244

**COMMONWEALTH of Pennsylvania**

v.

**Nancy Evette ROSARIO, Appellant.**

Superior Court of Pennsylvania.

Argued June 23, 1992.

Filed Sept. 3, 1992.

Reargument. Denied Sept. 17, 1992.

Vincent J. Quinn, Chief Public Defender, Lancaster, for appellant.

Joseph C. Madenspacher, Asst. Dist. Atty., Lancaster, for Com., appellee.

Before JOHNSON, FORD ELLIOTT and HOFFMAN, JJ.

HOFFMAN, Judge.

This is an appeal from the order entered on August 21, 1991, which denied appellant's motion to dismiss on double jeopardy grounds. Appellant raises the following contentions:

A. Whether the continued prosecution of the defendant for first and second degree murder is barred by the double jeopardy clauses of the United States and Pennsylvania Constitutions when the guilty plea tendered by the defendant was unequivocally accepted by the lower court and then was subsequently ordered to be withdrawn for no good cause?

B. Whether the continued prosecution of the defendant for first and second degree murder is barred by the statutory principles of double jeopardy embodied in 18 Pa.C.S.A. § 109 and § 110?

C. Whether the Commonwealth's motion to quash appeal should be dismissed when the present cases involve non-frivolous appeals from final orders of the lower court rejecting the defendant's double jeopardy claims?

Appellant's Brief at 3. For the following reasons, we affirm.

On December 7, 1990, appellant was charged with criminal homicide[1] and criminal conspiracy.[2] After arraignment, appellant filed pre-trial motions, which were denied on May 6, 1991.

On May 13, 1991, pursuant to a negotiated plea agreement, appellant pled guilty to third degree murder. After an on-the-record colloquy, the plea was accepted. Sentencing was postponed pending the completion of a pre-sentence investigation. The pre-sentence investigation was completed, and on July 1, 1991, the Honorable Michael J. Perezous entered an order, in which he directed that appellant's guilty plea be withdrawn. In his memorandum supporting the order, he cited a lack of factual basis as the reason warranting a withdrawal of the plea.

Appellant then filed a motion for reconsideration on July 11, 1991, contending that her continued prosecution for first and second degree murder constituted double jeopardy in violation of the Fifth and Fourteenth Amendments of the United States Constitution. On July 17, 1991, appellant's motion was denied.

1. 18 Pa.C.S.A. § 2501.
2. 18 Pa.C.S.A. § 903.

Appellant filed a notice of appeal on July 17, 1991. This appeal was docketed at No. 2623 Phl 1991.

On August 21, 1991, appellant filed an additional pretrial motion which contained, *inter alia,* a motion to dismiss on grounds of double jeopardy. That same day the lower court entered an order denying appellant's motion to dismiss on double jeopardy grounds and stating that the Commonwealth may prosecute appellant for first and second degree murder. Appellant timely appealed this denial and her appeal was docketed at No. 2878 Phl 1991.

On May 12, 1992, our court granted a Commonwealth motion to quash the appeal filed at No. 2623 Phl 1991 (appellant's first appeal), and denied the Commonwealth's motion to quash the appeal docketed at No. 2878 Phl 1991 (appellant's second appeal).[3] Appellant first contends that her continued prosecution for first and second degree murder is barred by the double jeopardy clauses of the United States and Pennsylvania Constitutions because jeopardy attached when her guilty plea to third degree murder was unequivocally accepted by the lower court and then was subsequently ordered to be withdrawn without good cause or manifest necessity. We disagree, and find that this is the first time that appellant has been placed in jeopardy for first and second degree murder.

## I. FEDERAL DOUBLE JEOPARDY

 The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb." In a jury trial, jeopardy attaches when the jury is empaneled and sworn; in a non-jury trial jeopardy attaches when the court

---

3. Because of this court's prior disposition of the Commonwealth's motions to quash appellant's appeals, we will not address appellant's third issue. Accordingly, the only issues before this court are those raised in appellant's appeal docketed at No. 2878 Phl 1991. An appeal from an order denying a defendant's motion to bar retrial on double jeopardy grounds is immediately appealable. *Commonwealth v. Simons,* 342 Pa.Super. 281, 285, 492 A.2d 1119, 1121 (1985), *appeal granted,* 509 Pa. 492, 503 A.2d 929 (1986), *aff'd,* 514 Pa. 10, 522 A.2d 537 (1987).

begins to hear evidence. *Serfass v. United States,* 420 U.S. 377, 388, 95 S.Ct. 1055, 1062, 43 L.Ed.2d 265 (1975). Thus, the prohibition of double jeopardy is irrelevant until jeopardy has once attached, that is, "until a defendant is 'put to trial before the trier of facts, whether the trier be a jury or a judge.' " *Id.* at 388, 95 S.Ct. at 1064, 43 L.Ed.2d 265 (1975) (quoting *United States v. Jorn,* 400 U.S. 470, 479, 91 S.Ct. 547, 554, 27 L.Ed.2d 543 (1971)).

Federal case law has held that where a defendant is charged with one offense, pleads guilty to a different offense, the plea is withdrawn and defendant is then prosecuted on the original charge there is no violation of double jeopardy. The rationale of these holdings is that jeopardy has not attached for the original charge because the defendant was never put before a trier of fact on that charge. For example, in *Gilmore v. Zimmerman,* 793 F.2d 564 (3rd Cir.1986), *cert. denied,* 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986), the court held that the double jeopardy clause did not bar a trial court from striking a guilty plea to involuntary manslaughter due to a lack of factual basis and requiring the defendant to stand trial for the original charge of criminal homicide. The court found that jeopardy had never attached on the original charge of criminal homicide because the charge had never been presented to a trier of fact. The court noted that, "[t]he interests protected by the Double Jeopardy Clause's prohibition against successive prosecutions for the same offense simply are not implicated in the situation currently before us." *Id.* at 570.[4] *See Klobuchir v. Commonwealth of Pennsylvania,* 639 F.2d 966, 970 (1981) (no violation of double jeopardy where defendant charged with first degree murder, pled to third degree murder, plea vacated by PCHA court and first degree charge

---

4. Appellant relies on the District Court opinion in *Gilmore v. Zimmerman,* 619 F.Supp. 859, 864 (1985), for the proposition that a guilty plea may be vacated and double jeopardy not offended where there exists a reason of manifest necessity and that in the instant case this manifest necessity did not exist. However, this is no longer the appropriate standard. *See Gilmore v. Zimmerman,* 793 F.2d 564, 571 (3rd Cir.1986) (finding of "manifest necessity" not required for judge to order vacation of a plea).

reinstated; charge of first degree murder never reached a trier of fact).

In the instant case, although appellant was originally charged with criminal homicide which is classified as murder, voluntary manslaughter, or involuntary manslaughter, 18 Pa. C.S.A. § 2501(b), the charges of first and second degree murder were never submitted to a trier of fact. Appellant's federal double jeopardy claim fails because she was never, in constitutional terms, placed once in jeopardy on the charges of first degree and second degree murder.

## II. PENNSYLVANIA DOUBLE JEOPARDY

█ The relevant language of the double jeopardy provision in Article 1, section 10 of the Pennsylvania Constitution is essentially identical to that found in the United States Constitution. *See Commonwealth v. Hogan,* 482 Pa. 333, 342, 393 A.2d 1133, 1137 (1978). Pennsylvania's courts have not given its citizens broader double jeopardy protection than that provided by the United States Supreme Court interpreting the federal constitution. *Commonwealth v. Marconi,* 340 Pa.Super. 463, 472 n. 8, 490 A.2d 871, 876 n. 8 (1985).

In *Commonwealth v. Metz,* 425 Pa. 188, 228 A.2d 729 (1967), the defendant originally entered a negotiated, general plea of guilty to murder. *Id.,* 425 Pa. at 189–90 n. 1, 228 A.2d at 729 n. 1. In return, the prosecutor was to advise the court that the crime rose no higher than second degree murder. The court accepted defendant's plea, but because of testimony adduced at a subsequent hearing, the court ordered the plea withdrawn on grounds that it was not entered knowingly and voluntarily. Defendant was then brought to trial on charges of first degree murder and convicted.

On appeal to our Supreme Court, Metz claimed that his trial for first degree murder violated his right not to be placed in jeopardy twice for the same offense. Our Supreme Court first cited Pa.R.Crim.P. Rule 320, which states: "[a]t any time before sentence, the court may in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." *Id.,* 425 Pa. at 191, 228 A.2d at 730. The court

then held that Metz had not been placed in jeopardy twice for the charge of first degree murder. "Accordingly, the discontinuance of appellant's plea hearing was not by itself a sufficient reason for sustaining a plea of prior jeopardy." *Id.*, 425 Pa. at 193, 228 A.2d at 731.[5]

More recently, in *Commonwealth v. Klobuchir*, 486 Pa. 241, 405 A.2d 881 (1979), *cert. denied*, 445 U.S. 952, 100 S.Ct. 1602, 63 L.Ed.2d 787 (1980), our Supreme Court held that where a defendant had been charged with first degree murder, pled guilty to third degree murder, the plea was set aside and defendant was then tried on charges of first degree murder, there was no violation of Pennsylvania's guarantee against double jeopardy. The court based its holding on the rationale espoused in *Metz, supra,* finding that jeopardy had not attached. *Id.*, 425 Pa. at 255–56, 405 A.2d at 889.

In the instant case, appellant was never placed in jeopardy for the crime of first degree murder. The Commonwealth's attempt to now prosecute appellant on this charge constitutes the first time she has been placed in jeopardy for this charge. In light of our Supreme Court's holdings in *Metz* and *Klobuchir*, we find that the Pennsylvania Constitution's double jeopardy provision does not bar the prosecution of appellant for first degree murder.

## III. STATUTORY CLAIMS

Appellant next claims that her continued prosecution for first degree murder is barred by the statutory principles of double jeopardy embodied in 18 Pa.C.S.A. §§ 109 and 110. This claim is meritless.

5. In addition, the Court cautioned against manipulation and abuse of the provisions against double jeopardy by defendants if it held in favor of Metz. "[A] defendant in Metz's position might be able to prevent a first degree conviction by pleading guilty to murder generally and later giving testimony inconsistent with his plea." *Id.*, 425 Pa. at 192, 228 A.2d at 731. On the other hand, a court might refuse to permit a plea to be withdrawn solely because of fear of the consequences (i.e. losing all possibility of a conviction). "Neither solution to the court's dilemma would be in the public's best interest." *Id.*, 425 Pa. at 192 n. 9, 228 A.2d at 731 n. 9.

204

■ Section 109 of the Crimes Code states in pertinent part:

> When a prosecution is for a violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:
>
> . . . . .
>
> (3) The former prosecution resulted in a conviction. There is a conviction if the prosecution resulted in a judgment of conviction which has not been reversed or vacated, *a verdict of guilty which has not been set aside and which is capable of supporting a judgment, or a plea of guilty accepted by the court.* In the latter two cases failure to enter judgment must be for a reason other than a motion of the defendant.
>
> (4) The former prosecution was *improperly terminated* after the first witness was sworn but before a verdict, or *after a plea of guilty was accepted by the court.*

18 Pa.C.S.A. § 109 (emphasis added). Section 109(3) only applies if a plea of guilty is "accepted by the court". If this section of the Crimes Code means that a guilty plea is accepted when it is tendered and the court says, "The guilty plea is accepted," then it appears to be in conflict with Pa.R.Crim.P. Rules 319 and 320. Rule 319(a) mandates judicial caution in accepting a guilty plea, saying:

> The judge may refuse to accept a guilty plea and shall not accept it unless he determines after inquiry of the defendant that the guilty plea is voluntarily tendered.

42 Pa.C.S.A. Rule 319(a). Rule 320 provides:

> At any time before sentencing the court may in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted.

42 Pa.C.S.A. Rule 320. These rules clearly permit a court to set aside a guilty plea prior to the imposition of sentence in the exercise of its proper discretion.

We interpret section 109 of the Crimes Code to refer only to former prosecutions which resulted in a plea of guilty which

continues to stand accepted by the court. Such a reading harmonizes with the meaning of the entire subsection 3 of section 109 and with the Comments to the Model Penal Code which form the basis for section 109.

In other words, where the judgment of conviction, guilty verdict or accepted plea of guilty continues to stand, there is a conviction for the purposes of the statute. But, if there is a reversal or vacation of the judgment, a setting aside of the verdict or the striking of the guilty plea, there is no conviction for purposes of the statute.

The Comments to section 1.09 of the Model Penal Code refer to judgments of conviction and guilty pleas still standing as barring further prosecution. "A plea of guilty accepted by the court has the same effect and the same qualifications as a verdict of guilty. *So long as it stands* and is capable of supporting a judgment, the defendant cannot be reprosecuted for the same offense or a greater offense . . ." (emphasis added).

The above reading of section 109(3) eliminates the apparent conflict with Rule 320 and better harmonizes with the intent of the drafters of the Model Penal Code and the language of the entire subsection.

In short, we hold that where section 109 of the Crimes Code speaks of "a guilty plea accepted by the court," it is speaking of a plea that stands and has not been stricken and does not speak to the power of the court to strike a guilty plea before sentence.

In the instant case, appellant's plea was accepted and then withdrawn due to a lack of factual basis to support the plea. In light of the above discussion, we find that appellant's plea was not "accepted by the court" as those terms are defined in section 109. Thus, appellant is not entitled to relief under 18 Pa.C.S.A. § 109(3).

Appellant also contend that section 109(4) applies because the "former prosecution" was "improperly terminated." This claim is meritless.

The Pennsylvania Rules of Criminal Procedure grant the trial court broad discretion in the acceptance and rejection of plea agreements.

At any time before sentence, the court may, in its discretion, permit or *direct* a plea of guilty to be withdrawn and a plea of not guilty substituted.

42 Pa.C.S.A. Rule 320 (emphasis added). A trial judge is justified in ordering that a plea be vacated if he discovers that there is insufficient factual basis to support the plea. *Gilmore v. Zimmerman*, 619 F.Supp. 859, 864 (E.D.Pa.1985), *aff'd* 793 F.2d 564 (3rd Cir.1986), *cert. denied* 479 U.S. 962, 107 S.Ct. 459, 93 L.Ed.2d 405 (1986); *United States v. Hecht*, 638 F.2d 651, 653 (3rd Cir.1981).

In the instant case, the trial judge ordered that the plea be stricken due to an insufficient factual basis for the plea. The trial court was acting within its discretion and in compliance with 42 Pa.C.S.A. Rule 320. Consequently, we find that the former prosecution was not "improperly terminated" and appellant is not entitled to relief under 18 Pa.C.S.A. § 109(4).

Further, appellant claims that she is entitled to relief under 18 Pa.C.S.A. § 110. We disagree.

Section 110 of the Crimes Code states in pertinent part: Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal or *in a conviction as defined in Section 109 of this title* ... and the subsequent prosecution is for:

(i) any offense of which the defendant could have been convicted on the first prosecution;

. . . . .

(3) *The former prosecution was improperly terminated, as improper termination is defined in Section 109 of this title* ... and the subsequent prosecution is for an offense of which the defendant could have been convicted had the former prosecution not been improperly terminated.

18 Pa.C.S.A. § 110 (emphasis added). In light of our previous determination that appellant's former prosecution did not result in a conviction and that the former prosecution was not improperly terminated, we find that appellant is not entitled to relief under 18 Pa.C.S.A. § 110(1) or (3). For the foregoing reasons, we affirm the order of the trial court.

Order affirmed.