J-A09039-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM CARL BROWN | : | |
| | : | |
| Appellant | : | No. 650 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 5, 2022
In the Court of Common Pleas of Potter County Criminal Division at
No(s): CP-53-CR-0000230-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: JULY 23, 2024**

Appellant William Carl Brown appeals *nunc pro tunc* from the judgment of sentence imposed after he entered an open plea of no contest to one count of corruption of minors.[1]  Appellant argues that the trial court erred in rejecting an earlier plea agreement and challenges the discretionary aspects of his sentence.  We affirm.

The facts of this case are well known to the parties.  *See* Trial Ct. Op., 7/19/23, at 1-2.  Briefly, Appellant was arrested and charged with corruption of minors and endangering the welfare of a child (EWOC) based on allegations that he sexually abused A.D. (the victim) between March 15, 2017 and March 14, 2019.  At the time of the abuse, the victim was between sixteen and seventeen years old, and Appellant was nearly sixty years old.  Appellant

_____

[1] 18 Pa.C.S. § 6301(a)(1)(i).

resided with the victim's mother (Mother), and he provided childcare for the victim and the victim's younger sister while Mother was working. During this time, Appellant showed the victim pornographic videos and made her dress up in Mother's lingerie while Appellant masturbated. Appellant also touched the victim's breasts both over her clothing and skin-to-skin, and Appellant made the victim touch his penis with her hand and perform oral sex on him. *See id.* at 1-2.

On March 16, 2021, the Commonwealth and Appellant entered into a plea agreement in which Appellant agreed to plead no contest[2] to corruption of minors, graded as a first-degree misdemeanor, and the Commonwealth would *nolle prosse* the charge of EWOC. The Commonwealth also agreed to recommend a sentence of five years' probation.

At the plea hearing, the trial court acknowledged that there was a plea agreement with a negotiated sentence. *See* N.T., 3/16/21, at 2-12. However, the trial court stated that its acceptance of Appellant's plea was conditioned on its review of the presentence investigation (PSI) report.[3] *See id.* at 10. Ultimately, after reviewing the PSI, the trial court issued an order stating:

> [T]he [c]ourt having previously advised [Appellant] that the acceptance of the plea tendered on March 16, 2021[,] was subject

---

[2] In terms of its effect upon a case, a plea of *nolo contendere* or no contest, is treated the same as a guilty plea. *See Commonwealth v. Prieto*, 206 A.3d 529, 533 (Pa. Super. 2019).

[3] The record reflects that the trial court stated: "I accept the plea subject however to review of the [PSI] in case something else may come to my attention after I receive the [PSI]." N.T., 3/16/21, at 10.

to further review by the [c]ourt of the [PSI]; having carefully considered this matter the [c]ourt hereby rejects [Appellant's] plea as stated. The [c]ourt will not accept a binding plea agreement in this matter.

Order, 5/6/21; *see also* N.T., 6/30/21, at 1 (reflecting that the trial court rejected Appellant's March 16, 2021 plea agreement after reviewing the PSI report).

After the trial court rejected Appellant's March 16, 2021 plea, Appellant was permitted to withdraw the plea. At that time, Appellant informed the trial court that he would not enter another plea and that he wanted to go to trial. *See* N.T., 6/30/21, at 3. However, on November 24, 2021, Appellant agreed to enter an open plea of no contest to corruption of minors. *See* N.T., 11/24/21, at 4. The trial court ultimately accepted the open plea and sentenced Appellant to a term of twenty-four to forty-eight months of incarceration followed by a consecutive term of twelve months of probation for corruption of minors. *See* N.T., 1/5/22, at 14. Appellant filed a timely post-sentence motion challenging the discretionary aspects of his sentence, which the trial court denied. Appellant filed a notice of appeal, which this Court dismissed due to Appellant's prior counsel's failure to perfect the appeal, file a docketing statement, and file a brief. *See* Order, 281 WDA 2022, 9/13/22.

On March 24, 2023 Appellant filed a Post Conviction Relief Act[4] (PCRA) petition alleging that prior counsel was ineffective with respect to Appellant's direct appeal. On May 31, 2023, the PCRA court granted Appellant's PCRA petition, reinstated Appellant's direct appeal rights *nunc pro tunc*, and appointed Kelsey Hanes-Lewis, Esq. as appellate counsel. Appellate counsel filed a timely direct appeal *nunc pro tunc*.[5] Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues:

1. Whether the trial court abused its discretion in rescinding its earlier acceptance of the parties' initial negotiated plea agreement?

2. Whether the trial court abused its discretion in sentencing Appellant in excess of the aggravated range of the sentencing guidelines without offering sufficient and adequate reasons for doing so?

Appellant's Brief at 5.

### Plea Agreement

Appellant first argues that the trial court abused its discretion when it rejected his March 16, 2021 no-contest plea. Appellant's Brief at 24-25. In support, Appellant asserts that the trial court accepted Appellant's plea at the

---

[4] 42 Pa.C.S. §§ 9541-9546.

[5] Counsel erroneously appealed from the order denying Appellant's post-sentence motion. However, it is well settled that in a criminal case, the appeal lies from the judgment of sentence, and we have corrected the caption accordingly. ***See Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*) (correcting caption where the appellant misstated from where the appeal lies).

initial hearing and there were no intervening circumstances that permitted the trial court to reject Appellant's plea. *Id.* at 24-28. Therefore, Appellant concludes that he was entitled to the benefit of his bargain. *See id.* at 24-28.

The Commonwealth responds that the trial court did not abuse its discretion by rejecting the prior plea agreement. Commonwealth's Brief at 9-11. In support, the Commonwealth argues that the trial court provided merely a conditional acceptance of Appellant's no-contest plea on March 16, 2021, pending review of the PSI report, and the trial court retained discretion to reject Appellant's plea. *See id.* at 10. The Commonwealth explains that the trial court reviewed the PSI report, and the trial court properly exercised its discretion in concluding that the March 16, 2021 negotiated sentence would not serve the interests of justice. *See id.* at 7, 12.

"It is well settled that a plea of guilty amounts to a waiver of all non-jurisdictional defects and defenses." *Commonwealth v. Brown*, 240 A.3d 970, 972 (Pa. Super. 2020) (citation omitted). Generally, after the defendant enters a plea, he may only appeal "matters concerning the jurisdiction of the court, the validity of the guilty plea, and the legality of the sentence." *Id.* (citation omitted).

Here, the record reflects that after the trial court rejected Appellant's March 16, 2021 no-contest plea, Appellant withdrew the plea, and he subsequently entered a new open no-contest plea. As stated, the trial court accepted the new open plea, and it subsequently imposed sentence. *See*

N.T., 1/5/22, at 14; N.T., 11/24/21, at 4. The issue Appellant now raises does not challenge the validity of the new open plea that was accepted by the trial court, the legality of the sentence imposed, or the trial court's jurisdiction. Accordingly, because Appellant subsequently entered an open no-contest plea and was sentenced, we are constrained to conclude that Appellant waived any challenge to the earlier March 16, 2021 plea which the trial court rejected.[6] **See Brown**, 240 A.3d at 972.

---

[6] In any event, were we to reach this issue, we would conclude that Appellant is not entitled to relief. It is well settled that trial courts have broad discretion in accepting or rejecting plea agreements, and there is no absolute right to have a plea accepted. **See Commonwealth v. Chazin**, 873 A.2d 732, 737 (Pa. Super. 2005); **Commonwealth v. Rosario**, 613 A.2d 1244, 1249 (Pa. Super. 1992). "[O]ur Courts have reaffirmed that 'while the Commonwealth and a criminal defendant are free to enter into an arrangement that the parties deem fitting, the terms of a plea agreement are not binding upon the court. Rather the court may reject those terms if the court believes the terms do not serve justice.'" **Chazin**, 873 A.2d at 737 (quoting **Commonwealth v. White**, 787 A.2d 1088, 1091 (Pa. Super. 2001)) (formatting altered). Further, the Pennsylvania Rules of Criminal Procedure provide that "[a]t any time **before** the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(a). Were we to reach this issue, we would conclude that there was no error of law or abuse of discretion in the trial court rejecting Appellant's March 16, 2021 no-contest plea. **See Chazin**, 873 A.2d at 737; **Rosario**, 613 A.2d 1249; **see also** Pa.R.Crim.P. 591(a). The record reflects that the trial court's acceptance of the March 16, 2021 plea agreement was clearly conditioned on the trial court's review of Appellant's PSI report. **See** N.T., 3/16/21, at 10. After reviewing the PSI report, the trial court concluded that accepting the March 16, 2021 plea agreement was not in interests of justice. **See** Order, 5/6/21; Trial Ct. Op., 7/19/23, at 1; **see also** N.T., 1/5/22, at 11. Accordingly, the trial court exercised its discretion and rejected Appellant's plea agreement, and Appellant would not be entitled to relief. **See Chazin**, 873 A.2d at 737; **Rosario**, 613 A.2d 1249; Pa.R.Crim.P. 591(a).

**Sentencing**

In his second issue, Appellant challenges the discretionary aspects of his sentence.[7] Appellant maintains that the sentence imposed was manifestly excessive. Appellant's Brief at 29-31. Appellant argues that the trial court abused its discretion in imposing an unreasonable sentence, which was outside of the aggravated range of the sentencing guidelines, and it failed to provide reasons for its sentence. *Id.* at 29-31. Appellant argues that the trial court primarily focused on the gravity of the offense and its impact on the victim, and he asserts that the court failed to consider the factors set forth in 42 Pa.C.S. § 9721(b) and failed to consider Appellant's age, character, and failed to provide its reasons for sentencing Appellant outside the sentencing guidelines. Appellant's Brief at 32-40.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." ***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P.

---

[7] As noted above, Appellant ultimately entered an open plea to one count of corruption of minors. ***See*** N.T., 11/24/21, at 4. We reiterate that, generally, when a defendant enters a guilty plea or plea of *nolo contendere*, he waives all non-jurisdictional defects and defenses, and he may only appeal matters involving the jurisdiction of the court, the validity of the plea, and the legality of the sentence. ***See Brown***, 240 A.3d at 972. However, when a defendant enters an open plea agreement with no bargain for a specific or stated term of sentence, such as in the instant case, he is not precluded from appealing the discretionary aspects of the sentence imposed. ***See id.***

2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, Appellant preserved his sentencing claims in a post-sentence motion, filed a timely notice of appeal, and included the issue in his Rule 1925(b) statement. Appellant has also included a Rule 2119(f) statement in his brief. *See* Appellant's Brief at 29-32. Additionally, we conclude that Appellant's claim raises a substantial question for review. *See*

- 8 -

*Commonwealth v. Akhmedov*, 216 A.3d 307, 328 (Pa. Super. 2019) (*en banc*) (stating that "an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question" (citations omitted)); *Commonwealth v. Eby*, 784 A.2d 204, 206 (Pa. Super. 1999) (explaining that the courts of this Commonwealth have found that a "claim that the sentencing court imposed an unreasonable sentence by sentencing outside the guideline ranges presents a substantial question for our review" (citations and quotation marks omitted)). Accordingly, we will consider the merits of Appellant's challenge to the discretionary aspects of his sentence.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the

- 9 -

application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any [PSI].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of [the] offense in relation to [the] impact on [the] victim and [the] community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). Additionally, the trial court "must consider the sentencing guidelines." *Id.* at 848 (citation omitted). Where a PSI report exists, this Court will "presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those

considerations along with mitigating statutory factors." ***Commonwealth v. Watson***, 228 A.3d 928, 936 (Pa. Super. 2020) (citation omitted).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors[.]" ***Id.*** (citation omitted).

Here, the record reflects that the trial court considered the PSI and the victim impact statement before imposing a sentence. In its Rule 1925(a) opinion, the trial court addressed Appellant's sentencing claims as follows:

> [O]n January 5, 2022 the [c]ourt imposed a sentence above the aggravated range at 24 to 48 months followed by 12 months of consecutive probation, with RRRI eligibility. A post[-]sentence motion was denied on January 24, 2022.
>
> At the sentencing hearing, the [c]ourt had received and considered the PSI and related documents and placed on the record that the sentence was being imposed for the following reasons:
>
> • The sexual assaults took place over two years when [Appellant] was at least 59 and the child was 16 and during this time [Appellant] stood in a place of authority, a caregiver and father figure to the victim.
>
> • There was substantial impact upon the victim as she did not have ability to protect herself and was groomed by [Appellant]. Her testimony at the sentencing hearing indicated battling with the consequences of the crime for the rest of her life.

- 11 -

&bull; [Appellant] showed pornographic videos to the victim to break down the child's resistance to his advances.

&bull; The . . . impact upon the community was substantial.

&bull; [Appellant] had significant need for extensive rehabilitation as stated in the documents contained in the PSI documents.

The [c]ourt considered the previously mentioned sexual offender evaluation of [Appellant] dated January 5, 2022 and the victim impact statement contained within the PSI but did not recite details in open court at the time of sentencing. The [c]ourt directs that the PSI, including the evaluation and victim impact statement and guidelines be sent under seal to the Superior Court for review.

[Appellant] intimidated and groomed the victim thereby breaking down her resistance by showing her videos of a family member engaging in sexual acts. Greater detail of [Appellant's] efforts to manipulate the victim and punish her mother can be found in the evaluation and victim impact statement contained in the PSI.

Based upon the information available to the [c]ourt at the time of sentencing, the [c]ourt felt compelled to impose a sentence above the aggravated range. The [c]ourt carefully considered the factors set forth in 42 Pa.C.S. § 9721(b) and referenced them in the opinion.

Accordingly, it is the [c]ourt's determination that the crime was committed in an extreme and particularly objectionable fashion. [Appellant's] behaviors in perpetrating the crime including, coercion, manipulation, grooming and threats made to the [victim] to not report the assaults, justified the sentence above the aggravated range.

Trial Ct. Op., 7/19/23, at 3-5 (citations omitted and some formatting altered).

*See also* N.T., 1/5/22, at 12-14 (reflecting the trial court's consideration of Appellant's relationship to the victim and her family, the manipulation and grooming that occurred, the facts of the crime, the sentencing guidelines, the PSI, the victim impact statement, the need to protect the public, and the impact of Appellant's crimes on the victim and the community).

Following our review of the record, including the PSI, sex offender evaluation, and victim impact statement sent to this Court under seal, we discern no abuse of discretion by the trial court. ***See Raven***, 97 A.3d at 1253; ***see also Kurtz***, 294 A.3d at 536. As noted previously, the trial court ordered a PSI report, which it reviewed prior to sentencing. ***See*** N.T., 1/5/22, at 12-13. Therefore, we presume that the trial court was fully aware of the relevant sentencing factors and considered them when imposing Appellant's sentence. ***See Watson***, 228 A.3d at 936; ***see also Kurtz***, 294 A.3d at 536. Additionally, the record reflects that the trial court aptly considered the facts of this case, provided its rationale for the sentence and for sentencing outside the guidelines. ***See*** N.T., 1/5/22, at 12-13. Although Appellant claims that the trial court failed to adequately consider mitigating factors such as his age, we will not re-weigh the trial court's consideration of the relevant sentencing factors on appeal. ***See Kurtz***, 294 A.3d at 536. For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 07/23/2024